UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HANA ETCHEVERRY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>FRANCISCAN HEALTH SYSTEM D/B/A, CHI FRANCISCAN HEALTH, FRANCISCAN MEDICAL GROUP, FRANCISCAN MEDICAL GROUP, FRANCISCAN HEALTH VENTURES, HARRISON MEDICAL CENTER, and HARRISON MEDICAL CENTER FOUNDATION<br><br>Defendants. | CASE NO. 19-cv-05261-RJB-MAT<br><br>ORDER DENYING DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT |

THIS MATTER comes before the Court on Defendants' Partial Motion to Dismiss Plaintiff's Complaint (Dkt. 30).

The Court is familiar with the record. The Motion is brought under FRCP 12(b)(1)&(2) and 12(b)(6), and raises two questions:

(1) Does Plaintiff lack standing to sue all Defendants other than Defendant Harrison Medical Center?

(2) Should Plaintiff's Seventh Claim for Relief for alleged violation of Washington's Consumer Protection Act ("CPA") be dismissed for failure to state a claim?

The rules of law that guide the Court were well set out by Judge Robart in *Castillo v. United Rentals (N. Am.), Inc.,* C17-1573JLR, Dkt. 30, at 5–6:

> Dismissal for failure to state a claim "is proper if there is a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the standard "asks for more than sheer possibility that a defendant has acted unlawfully," it is not "akin to a probability requirement." *Id.* Thus, the plausibility requirement "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal" liability for the alleged misconduct. *Twombly,* 550 U.S. at 556.
>
> When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.,* 416 F.3d 940, 946 (9th Cir. 2005). The Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Whyler Summit P'ship v. Turner Broad. Sys., Inc.,* 135 F.3d 658, 661 (9th Cir. 1998). "Mere conclusory statements" or "formulaic recitation[s] of the elements of a cause of action," however, "are not entitled to the presumption of truth." *Chavez v. United States,* 6834 F.3d 1102, 1108 (9th Cir. 2012) (citing *Twombly,* 550 U.S. at 555).

| | |
|---|---|
| 1 | The simple answer is that Plaintiff's Complaint is sufficient, and Defendants' Motion should be denied. Defendants' Motion is directed substantially to a "you can't prove it" argument. |

The simple answer is that Plaintiff's Complaint is sufficient, and Defendants' Motion should be denied. Defendants' Motion is directed substantially to a "you can't prove it" argument.

In regard to the first issue, what Defendants describe as a "quintessential legal conclusion" in Plaintiff's complaint is also a factual allegation regarding Defendants as joint employers. That allegation raises a reasonable expectation that discovery will reveal standing.

In regard to the second issue, Plaintiff's pleadings allege all elements of a CPA claim and are sufficient to carry the CPA claim forward. The cases cited do not definitively require dismissal.

It remains to be seen whether Plaintiff can prove standing and a violation of the CPA claim. At this point, the pleadings are sufficient, and Defendants' Partial Motion to Dismiss Plaintiff's Complaint (Dkt. 30) should be **DENIED**.

**IT IS SO ORDERED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 1st day of August, 2019.

_____
ROBERT J. BRYAN
United States District Judge