THE HONORABLE ROBERT J. BRYAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HANA ETCHEVERRY, Individually and On
Behalf of All Others Similarly Situated,

               Plaintiff,

    v.

FRANCISCAN HEALTH SYSTEM D/B/A
CHI FRANCISCAN HEALTH,
FRANCISCAN MEDICAL GROUP,
FRANCISCAN HEALTH VENTURES,
HARRISON MEDICAL CENTER, and
HARRISON MEDICAL CENTER
FOUNDATION.

             Defendants.

Case No.  3:19-cv-05261-RJB-MAT

**PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS
AND COLLECTIVE SETTLEMENT**

**NOTED FOR HEARING: TBD**

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................1

II.     FACTUAL BACKGROUND ...............................................................................3

III.    PROCEDURAL HISTORY ..................................................................................4

IV.     TERMS OF THE SETTLEMENT ......................................................................4

        A.      Basic terms and value of the Settlement.................................................4

        B.      Class and Collective definitions. ............................................................6

        C.      Allocation and awards.............................................................................7

        D.      Scope of release. .....................................................................................7

        E.      Settlement administration........................................................................8

V.      ARGUMENT ........................................................................................................8

        A.      The Court should grant preliminary approval of the Settlement of the Class and Collective Claims.............................................................................................8

        B.      The Court should conditionally certify the Class...................................9

                1.      The Class is numerous and ascertainable. ..................................10

                2.      Plaintiff's claims raise common issued of fact or law. ...............10

                3.      Plaintiff's claims are typical of the claims of the Class.............12

                4.      Plaintiff and Class Counsel will adequately represent the Class.................12

                5.      The Rule 23(b)(3) requirements for class certification are also met. ..........12

        C.      The Settlement should be preliminarily approved as to the Class because it is fair, reasonable, and adequate.................................................................................14

                1.      The Settlement is the product of informed, non-collusive, and arm's-length negotiations between experienced counsel. ...............................................15

                2.      The terms of the Settlement are fair, reasonable, and adequate. ...............16

                3.      The extensive informal discovery and mediation process enabled the Parties to make informed decisions regarding the Settlement. ...................16

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page ii

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

    4.  The Parties have agreed to distribute settlement proceeds tailored to the Class and their respective claims..................................................17

    5.  Litigating the Action would not only delay recovery, but would be expensive, time-consuming, and involve substantial risk. ...........................18

  D.  The Class Representative enhancement payment is reasonable...........................20

  E.  The requested attorneys' fees and costs are reasonable. ......................................20

  F.  The Proposed Notice and Claims Form is reasonable. ...........................................23

  G.  The Court should approve the proposed schedule...................................................26

VI.  CONCLUSION ...................................................................................................................27

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page iii

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

# TABLE OF AUTHORITIES

**Cases**

*Amchem Prod., Inc. v. Windsor,*
  521 U.S. 591 (1997) ........................................................................................................14

*Bazzell v. Body Contour Center, LLC,*
  No. C16-0202JLR, 2016 WL 3655274 (W.D. Wash. July 8, 2016) ...........................11

*Bell v. Consumer Cellular, Inc.,*
  No. 3:15-cv-941-SI, 2017 U.S. Dist. LEXIS 95401 (D. Or. June 21, 2017)..............21

*Boyd v. Bechtel Corp.,*
  485 F. Supp. 610 (N.D. Cal. 1979)...............................................................................17

*Briseno v. Henderson,*
  Case No. 19-56297, 2021 WL 2197968, --- F.3d --- (9th Cir. June 1, 2021)................8

*Carter v. Anderson Merchandisers, LP,*
  No. EDCV 08-0025-VAP OPX, 2010 WL 1946784 (C.D. Cal. May 11, 2010) .........15

*Churchill Village, LLC. v. Gen. Elec.,*
  361 F.3d 566 (9th Cir. 2004)........................................................................................14

*City of Burlington v. Dague,*
  505 U.S. 557, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992)...........................................22

*Demmings v. KKW Trucking, Inc.,*
  No. 3:14-cv-0494-SI, 2018 U.S. Dist. LEXIS 159749 (D. Or. Sept. 19, 2018) ..........21

*Dunn v. Teachers Ins. & Annuity Ass'n of Am.,*
  No. 13-CV-05456-HSG, 2016 WL 153266 (N.D. Cal. Jan. 13, 2016) .........................9

*Eisen v. Carlisle & Jacquelin,*
  417 U.S. 156 (1974) ......................................................................................................23

*Franco v. Ruiz Food Prods.,*
  No. 1:10-cv-02354-SKO, 2012 WL 5941801 (E.D. Cal. Nov. 27, 2012)....................21

*Fry v. Hayt, Hayt & Landau,*
  198 F.R.D. 461 (E.D. Pa. 2000) ............................................................................10, 12

*Guilbaud v. Sprint/United Management Co., Inc.,*
  No. 3:13-cv-04357-VC (N.D. Cal. Apr. 15, 2016) .....................................................20

*Hanlon v. Chrysler Corp.,*
  150 F.3d 1011 (9th Cir. 1998).................................................................................passim

*Hoffman v. Securitas Sec. Servs.,*
  No. CV07-502-S-EJL, 2008 WL 5054684 (D. Idaho Aug. 27, 2008) .......................11

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page iv

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

*Holmes v. Continental Can Co.,*
    706 F.2d 1144 (11th Cir. 1983).................................................................................18

*Ikonen v. Hartz Mountain Corp.*
    122 F.R.D. 258 (S.D. Cal. 1988)................................................................................10

*In re Activision Sec. Litig.,*
    723 F. Supp. 1373 (N.D. Cal. 1989).........................................................................21

*In re AT & T Mobility Wireless Data Services Sales Tax Litigation,*
    789 F.Supp.2d 935 (N.D. Ill. 2011).........................................................................18

*In re AutoZone, Inc., Wage & Hour Employment Practices Litig.,*
    289 F.R.D. 526 (N.D. Cal. 2012).............................................................................19

*In re Mego Fin. Corp. Sec. Litig.,*
    213 F.3d 454 (9th Cir.2000) ...................................................................................16

*In re Syncor ERISA Litig.,*
    516 F.3d 1095 (9th Cir. 2008).................................................................................15

*In re Washington Pub. Power Supply Sys. Sec. Litig.,*
    19 F.3d 1291 (9th Cir. 1994)...................................................................................21

*Khadera v. ABM Indust., Inc.,*
    701 F. Supp. 2d 1190 (W.D. Wash. 2010)..............................................................11

*Kilbourne v. Coca-Cola Co.,*
    No. 14CV984-MMA BGS, 2015 WL 5117080 (S.D. Cal. July 29, 2015)..............19

*Knight v. Red Door Salons, Inc.,*
    No. 08-01520 SC, 2009 WL 248367 (N.D. Cal. 2009)............................................21

*Lewis v. Starbucks Corp.,*
    No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690 (E.D. Cal. Sept. 11, 2008) .......17

*Lynn's Food Stores, Inc. v. United States,*
    679 F.2d 1350 (11th Cir. 1982).................................................................................9

*May v. Wynn Las Vegas, LLC,*
    No. 2:15-cv-02142-RFB-DJA, 2021 U.S. Dist. LEXIS 15898 (D. Nev. Jan. 25, 2021) ..............20

*Monterrubio v. Best Buy Stores*, L.P.,
    291 F.R.D. 443 (E.D. Cal. 2013)..............................................................................17

*Mullane v. Cent. Hanover Bank & Trust Co.,*
    339 U.S. 306 (1950) ................................................................................................23

*Noyes v. Kelly Servs., Inc.,*
    No. 2:02-CV-2685-GEB-CMK, 2008 WL 3154681 (E.D. Cal. Aug. 4, 2008)..........22

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page v

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

*Otey v. CrowdFlower, Inc.*,
    No. 12-CV-05524-JST, 2015 WL 153266 (N.D. Cal. Oct. 16, 2015) ...........................9

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985) .........................................................................................23

*Powers v. Eichen*,
    229 F.3d 1249 (9th Cir. 2000) .........................................................................21

*Rausch v. Hartford Fin. Servs. Grp.*,
    No. 01-cv-1529-BR, 2007 U.S. Dist. LEXIS 14740 (D. Or. Feb. 26, 2007)...............20

*Romero v. Producers Dairy Foods, Inc.*
    235 F.R.D. 474 (E.D. Cal. 2006).......................................................................10

*Rosales v. El Rancho Farms*,
    No. 1:09-CV-00707-AWI-JLT, 2015 U.S. Dist. LEXIS 95775 (E.D. Cal. July 21, 2015)...........21

*Silber v. Mabon*,
    18 F.3d 1449 (9th Cir. 1994) ...........................................................................23

*Soto, et al. v. O.C. Communications, Inc., et al.*,
    Case No. 3:17-cv-00251-VC (N.D. Cal. Oct. 23, 2019) .........................................20

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003)......................................................................20, 21

*Vasquez v. Coast Valley Roofing*,
    266 F.R.D. 482 (E.D. Cal. 2010).......................................................................21

*Viceral v. Mistras Grp., Inc.*,
    Case No. 15-cv-2198-EMC, 2016 WL 5907869 (N.D. Cal. Oct. 11, 2016) ...............16

*Villafan v. Broadspectrum Downstream Servs.*,
    No. 18-cv-06741-LB, 2020 U.S. Dist. LEXIS 218152 (N.D. Cal. Nov. 20, 2020) .............19

*Vizcaino v. Microsoft Corp.*,
    290 F. 3d 1043 (9th Cir. 2002)..........................................................................21

*Wang v. Chinese Daily News, Inc.*,
    737 F.3d 538 (9th Cir. 2013)......................................................................10, 13

*Wren v. RGIS Inventory Specialists*,
    No. C-06-05778 JCS, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011)..........................15

*York v. Starbucks Corp.*,
    No. CV 08-07919 GAF PJWX, 2011 WL 8199987 (C.D. Cal. Nov. 23, 2011).............19

**Statutes**

29 U.S.C. § 201 ....................................................................................................1

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page vi

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

29 U.S.C. § 216.................................................................................................9

**Rules**

Fed. R. Civ. P. 23........................................................................................passim

**Treatises**

Conte, Newberg on Class Actions, § 8.39 (3rd Ed. 1992) ..............................24

Posner, Economic Analysis of the Law, 534, 567 (4th ed. 1992)...................22

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page vii

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

# I.    INTRODUCTION

Plaintiff Hana Etcheverry hereby moves for preliminary approval of the Stipulation of Class and Collective Action Settlement (the "Settlement Agreement" or the "Settlement," attached as Exhibit 1 to the accompanying Declaration of Carolyn H. Cottrell). The Settlement resolves all of the claims in this action on a class and collective basis. As such, Plaintiff moves for an Order:

(1)    Granting preliminary approval of the Settlement Agreement;

(2)    Conditionally certifying the Class for settlement purposes;

(3)    Approving the proposed schedule and procedure for completing the final process for the Settlement, including the Final approval Hearing;

(4)    Approving the Class Notice and Claims Form (attached as Exhibit 2 to the Settlement Agreement);

(5)    Preliminarily appointing and approving Schneider Wallace Cottrell Konecky LLP and Terrell Marshall Law Group PLLC as Counsel for the Class and Collective members;

(6)    Preliminarily approving Class Counsel's request for attorneys' fees and costs;

(7)    Preliminarily appointing and approving Plaintiff Etcheverry as Class Representative;

(8)    Preliminarily appointing and approving Settlement Services, Inc. as the Settlement Administrator; and

(9)    Authorizing the Settlement Administrator to mail and email (if email addresses are available) the approved Class Notice and Claims Form to the Class and Collective members.

Plaintiff brings this Motion under Rule 23(e) and the long-established precedent requiring Court approval for Fair Labor Standards Act ("FLSA") settlements. The Motion is based on the following Memorandum of Points and Authorities, the Declaration of Carolyn Cottrell, and all other records, pleadings, and papers on file in the action and such other evidence or argument as may be

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page  1

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

presented to the Court at the hearing on this Motion. Plaintiff also submits a Proposed Order Granting Preliminary Approval of Class and Collective Action Settlement with the moving papers.

This class and collective action (the "Action") is brought by Plaintiff Etcheverry, on behalf of herself and current and former non-exempt workers with direct patient care responsibilities, including Registered Nurses, Licensed Practical Nurses, Certified Nursing Assistants, and others similarly situated who worked for a medical facility operated by Defendants Franciscan Health System d/b/a CHI Franciscan Health, Franciscan Medical Group, Franciscan Health Ventures, and Harrison Medical Center, and Harrison Medical Center Foundation ("Defendants" or "CHI Franciscan") and were subjected to a 30-minute automatically deducted meal period from April 9, 2015 through the date of preliminary approval of the Settlement (for the Washington State law claims), and from April 9, 2016 through the date of preliminary approval of the Settlement (for the FLSA claims).[1] The Action is based on Defendants' alleged violations of Federal and Washington labor laws. After more than a year and a half of litigation, including mediation and exhaustive negotiations over the scope and terms of settlement following mediation, the Parties have reached a global settlement of the Action, memorialized in the proposed Settlement Agreement. Plaintiff seeks preliminary approval of the Settlement.

The Parties have resolved the claims of approximately 7,300 direct patient care workers, for a total settlement of $5,500,000. With this proposed Settlement, the Parties are resolving numerous wage and hour claims unlikely to have been prosecuted as individual actions. The Settlement provides an excellent benefit to the Class, and an efficient outcome in the face of protracted litigation. The Settlement is fair, reasonable, and adequate in all respects, and Plaintiff respectfully requests the Court grant the requested approvals.

---

[1] Excluding the time period covered by any previous settlement involving the Class including, but not limited to, a settlement with St. Joseph Medical Center which applied to registered nurses through November 30, 2016.

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 2

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

## II. FACTUAL BACKGROUND

Plaintiff is a former non-exempt employee of Defendants, who worked as a nurse at Harrison Medical Center in Bremerton, Washington. *See* Pl.'s Compl. ¶¶ 12, 34. Defendants operate a network of hospitals and clinics that provide healthcare services throughout the State of Washington. *Id.* at ¶ 29. Plaintiff and the Settlement Class members work for Defendants as hourly-paid, non-exempt employees with direct patient care responsibilities, including nurses, aides, technicians, and the like. *See* Declaration of Carolyn Cottrell at ¶ 8.

Plaintiff and Opt-In Plaintiffs allege that they, and the putative Class, performed work for Defendants during unpaid meal periods due to Defendants' auto-deduct policy, before clocking in, and after clocking out, that should be compensated under the FLSA and Washington law. In particular, Plaintiffs allege they were required to remain on-duty during their unpaid meal breaks in accordance with Defendants' practices, policies, and as a requirement to abide by their patient care-related ethical obligations to their patients. *Id.* at ¶¶ 8-11. Plaintiffs also allege they were required to arrive early for their shifts, but were instructed to remain clocked out while they prepared for their day and were required to clock in only within a few minutes of their scheduled start time. *Id.* Plaintiffs also allege they were required to clock out within a few minutes of their end-of-shift, but were expected to stay late to complete charting and assist other hospital personnel. *Id.*

Defendants have at all times denied, and continue to deny, these allegations, and deny any and all liability for Plaintiff's claims. Defendants further deny that Plaintiff's allegations are appropriate for class/collective treatment for any purpose other than for settlement purposes only. Specifically, Defendants argued that Plaintiff's class action complaint would fail for both substantive and procedural issues. Defendants contended that their auto-deduct policy, as well as their other timekeeping policies, were consistent with applicable law that to the extent there were any violations of the law, they occurred on an "ad hoc" basis and contrary to company policy. Because Defendants claimed the policies were consistent with the law and any violations of the law

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

were done on an ad hoc basis, Defendants did not believe that the claims were susceptible to class certification.

### III.    PROCEDURAL HISTORY

Plaintiff filed this lawsuit against Defendants on April 9, 2019. See ECF 1. In her Complaint, Plaintiff alleges that Defendants violate the FLSA and the wage and hour laws of Washington by failing to pay non-exempt patient care workers their wages earned during unpaid meal periods, and for work performed while off-the-clock. On this basis, Plaintiff brought claims against CHI Franciscan on behalf of a putative FLSA collective and a putative Washington class. Following a motion to dismiss that was denied, Defendants answered the lawsuit on August 15, 2019, and asserted various affirmative defenses. See ECF Nos. 40-44.

The parties thereafter attended private mediation on August 27, 2020, mediated by Cliff Freed. *See* Cottrell Decl. at ¶ 18. As a result of arm's length and good faith negotiations during that settlement conference, and through continued negotiations over the following months with Mr. Freed acting in a continued mediator capacity, the parties reached a settlement in principle on or about January 29, 2021. *Id.*; *see also* ECF 61. Over the course of the next few months, the parties undertook the process of drafting, revising, and finalizing the settlement agreement terms, distilling and crystalizing those terms into a written settlement agreement, and agreeing on the form and content of a settlement notice/claims form process. *See* Cottrell Decl. at ¶ 20. The final version of the Settlement Agreement was agreed as to form on June 3, 2021. *Id.* at ¶ 21.

### IV.    TERMS OF THE SETTLEMENT

#### A.  Basic terms and value of the Settlement.

CHI Franciscan has agreed to pay a non-reversionary Gross Settlement Amount of $5,500,000 to settle the case. *Id.* at ¶ 22. The Net Settlement Amount, which is the amount available to pay settlement awards to the Class members, is defined as the portion of the Gross Settlement Amount remaining after deduction of Court approved Class Representative Service Payment ($10,000 to Plaintiff Etcheverry), Settlement Administration Costs to the Settlement Administrator

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

(estimated to be $72,650), and Class Counsel Award (an amount of one-third (33.3%) of the Gross Settlement Fund, as determined by the Court, plus costs not to exceed $11,000). *Id.*

The Gross Settlement amount is a negotiated amount that resulted from substantial arms' length negotiations and significant investigation and analysis by Plaintiff's counsel. Plaintiff's counsel based their damages analysis and settlement negotiations on both formal and informal discovery, including payroll and timekeeping data, as well as interviews with dozens of class members across numerous healthcare facilities owned/operated by Defendants. *Id.* at ¶ 23. Plaintiff's counsel built a comprehensive damage model from the payroll and timekeeping data produced by Defendants, and applied formulas to determine the total potential damages for unpaid meal breaks, rest periods, and off-the-clock work for a 20% randomized sample of the putative class members based on a number of different scenarios based on outreach/interview results (e.g., including probabilities of class/collective certification, probabilities of winning on the merits, and different outlooks based on variations in the class-wide assumptions for average number of minutes worked while off-the-clock). *Id.* at ¶¶ 23-24.

Using these formulas and scenarios, Plaintiff's counsel calculated the total potential exposure if Plaintiff prevailed on her claims—inclusive of derivative claims, penalty claims, and claims for liquidated damages—at approximately $16,000,000. *Id.* at ¶ 25. The total amount of damages is broken down as follows:

Plaintiff calculated that unpaid wages owed, based on the assumption for each workday (and inclusive of overtime) of 1.083 hours of unpaid meal break work (0.5 hours), work during rest periods (0.25 hours), pre-shift off-the-clock work (0.1667 hours), and post-shift off-the-clock work (0.1667) for each shift worked, would total approximately $14,341,000 for the approximately 7,300 putative class members. *Id.* at ¶¶ 27-31.

The negotiated non-reversionary Gross Settlement Amount of $5,500,000 represents approximately 38% of the $14,341,000 that Plaintiff calculated for the core unpaid wages claims. *Id.* at ¶ 32. In total, the $5,500,000 Gross Settlement Amount represents approximately 34% of

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 5

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

Defendants' total exposure of $16,000,000. *Id.* Again, these figures are based on Plaintiff's assessment of a best-case-scenario. To have obtained such a result at trial, Plaintiff would have had to prove that all approximately 7,300 class members experienced the violations at the levels described above for every shift and every assignment, and that Defendants acted knowingly or in bad faith. *Id.*

Plaintiff and her counsel considered the significant risks of continued litigation, described hereinafter, when considering the proposed Settlement. *Id.* at ¶ 33. These risks were front and center, particularly given the nature of the off-the-clock work, which would be challenging to certify as a class action and/or to prove the claims on the merits. *Id.* In contrast, the Settlement will result in immediate and certain payment to the Class and Collective members of meaningful amounts, representing more than 38% of their core claims for unpaid wages. These amounts provide significant compensation to the Class and Collective members, and the Settlement provides an excellent recovery in the face of expansive and uncertain litigation. In light of all the risks, the settlement amount is fair, reasonable, and adequate. *Id.*

**B. Class and Collective definitions.**

The Class members are comprised of approximately 7,300 current and former non-exempt workers with direct patient care responsibilities, including registered nurses, licensed practical nurses, certified nursing assistants, technicians, and other patient care workers who worked for a facility owned/operated by CHI Franciscan at any time from April 9, 2015 through the date the Court preliminarily approves this settlement.

The "FLSA Collective" means all current and former class members who have either already opted in to the FLSA collective action, or who otherwise timely submit a written consent to become Opt-In Plaintiffs in conjunction with the Settlement.

The "Rule 23 Sub-Class" means all current and former Class members who do not exclude themselves from the settlement entirely.

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 6

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

## C. Allocation and awards.

Depending on the Court's award of attorneys' fees, the Net Settlement Amount to be paid to the Class members will be approximately $3,573,016.67 (if a one-third attorneys' fee is awarded, plus attorneys' costs, settlement administrator costs, and service award). *See* Cottrell Decl. at ¶ 36. Class members will have the option to submit an opt-in form to participate in the FLSA collective action portion of the settlement. *Id.* at ¶ 37 and n.1. Each Class member's settlement share will be determined as a pro-rata share of the Net Settlement Amount based on the total number of workweeks worked by each participating class member. *Id.* The portion of the Settlement allocated for the FLSA claims is set not to exceed $500,000, of which any unused portion will be redistributed back to the participating Class members and/or a *cy pres* beneficiary in the event the uncashed settlement share checks do not exceed $50,000. *Id.*

Plaintiff also requests approval of a service payment to Named Plaintiff and Class Representative Hana Etcheverry. *Id.* at ¶¶ 82-85.

## D. Scope of release.

The releases contemplated by the proposed Settlement are dependent upon whether the Class member files a written consent to become an Opt-In Plaintiff, whether they are a Rule 23-only participant, or whether they elect to opt-out of the settlement altogether. Opt-In Plaintiffs will release any and all claims under the FLSA based on or arising out of the same factual predicates of the Action, as well as any state law wage and hour claims that could have been brought on the factual allegations in the Complaint. *See* Exhibit A, Settlement Agreement at ¶ III.G. The Rule 23 Class members who do not submit an opt-in form to become part of the FLSA Collective Action will release any and all claims under applicable Washington state law, based on or arising out of the same factual predicates of the Action, including all claims that were or could have been raised in the Action and any other wage and hour claims for damages, premiums, penalties, interest, attorneys' fees, and equitable relief, but will not release their potential FLSA claims. *Id.* at ¶ III.G.1-3.

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 7

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

The releases are effective upon final approval of the Settlement. *Id.* at ¶ III.G. The release timing extends through the date of preliminary approval of the Settlement. *Id.* at ¶ I.J. Named Plaintiff Etcheverry also agrees to a general release. *Id.* at ¶ III.G.3.

### E. Settlement administration.

The Parties have agreed to use Settlement Services, Inc. to administer the Settlement ("Settlement Administrator"), for total fees and costs currently estimated at $72,650. *See* Cottrell Decl. at ¶¶ 22, 45. The Settlement Administrator will distribute the Notice of Settlement and Claims Form via email (if email addresses are available) and U.S. Mail, calculate individual settlement payments, calculate all applicable payroll taxes, withholdings and deductions, and prepare and issue all disbursements to Class Members, the Class Representative, Plaintiff's counsel, and applicable state and federal tax authorities. *Id.*; *see also* Exhibit A, Settlement Agreement at ¶ III.B-F.

## V. ARGUMENT

### A. The Court should grant preliminary approval of the Settlement of the Class and Collective Claims.

Under Rule 23(e)(1), a district court should direct notice of a proposed settlement to the class members who would be bound by it only if the parties show that the court will likely be able to approve the proposed settlement and certify the class for purposes of judgment. Fed. R. Civ. P. 23(e)(1); *see also Briseno v. Henderson*, Case No. 19-56297, 2021 WL 2197968, at *6, --- F.3d --- (9th Cir. June 1, 2021) (acknowledging revision of Rule 23(e)). "This decision has been called 'preliminary approval.'" Fed. R. Civ. P. 23 advisory committee's note on 2018 Amendment. Whether to grant preliminary approval and provide notice is committed to the sound discretion of the court. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). Rule 23 requires that all class action settlements satisfy two primary prerequisites before a court may grant certification for purposes of preliminary approval: (1) that the settlement class meets the requirements for class certification if it has not yet been certified; and (2) that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(a), (e)(2); *Hanlon*, 150 F.3d at 1020. This class action settlement satisfies the requirements of Rule 23(a) and (b), and it is fair, reasonable, and adequate in

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 8

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

accordance with Rule 23(e)(2). *See* Cottrell Decl. at ¶ 47. Accordingly, the Court should preliminarily approve the Settlement of the Class Action so that notice may be issued to the Settlement Class members who would be bound.

In the FLSA context, Court approval is required for FLSA collective settlements, but the Ninth Circuit has not established the criteria that a district court must consider in determining whether a FLSA settlement warrants approval. *See, e.g., Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016); *Otey v. CrowdFlower, Inc.*, No. 12-CV-05524-JST, 2015 WL 153266, at *3 (N.D. Cal. Oct. 16, 2015). Most courts within the Ninth Circuit, however, first consider whether the named plaintiff is "similarly situated" to the putative collective members within the meaning of 29 U.S.C. § 216(b), and then evaluate the settlement under the standard established by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), which requires the settlement to constitute "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Otey*, 2015 WL 6091741, at *4. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues . . . that are actually in dispute," the district court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354; *Otey*, 2015 WL 6091741, at *4.

As of the date of this filing, 13 individuals filed their written consent to join this Collective action along with Plaintiff Etcheverry. *See* ECF Nos. 1-1, 12, 45, 55-60. The Parties have further agreed that Class members should be permitted to opt-in to the FLSA collective component of this case for settlement purposes by filing an opt-in form. *See, e.g.,* Exhibit 1, Settlement Agreement at ¶¶ I.S; III.C. The proposed Settlement provides an excellent recovery to the Opt-In Plaintiffs in a reasonable compromise. Accordingly, the Court should approve the Settlement as to the Collective.

**B.** **The Court should conditionally certify the Class.**

A class may be certified under Rule 23 if (1) the class is so numerous that joinder of all members individually is "impracticable"; (2) questions of law or fact are common to the class; (3)

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 9

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

the claims or defenses of the class representative are typical of the claims or defenses of the class; and (4) the person representing the class is able to fairly and adequately protect the interests of all members of the class. Fed. R. Civ. P. 23(a). Furthermore, Rule 23(b)(3) provides that a class action seeking monetary relief may only be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Applying this standard, numerous cases similar to this case have certified classes of employees who have allegedly suffered wage and hour violations under the wage and hour laws of Washington. Likewise, Plaintiff contends that the Rule 23 Sub-Class meets all of these requirements.

### 1. The Class is numerous and ascertainable.

The numerosity prerequisite demands that a class be large enough that joinder of all members would be impracticable. Fed. R. Civ. P. 23(a)(1). While there is no exact numerical cut-off, courts have routinely found numerosity satisfied with classes of at least 40 members. *See, e.g., Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258, 262 (S.D. Cal. 1988); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 485 (E.D. Cal. 2006). Here, there are approximately 7,300 putative Class members, which exceeds the standard "40 class member" minimum for numerosity purposes, and such a number would render joinder impracticable. *See* Cottrell Decl. at ¶ 49. The Class members are readily identifiable from Defendants' payroll and personnel records. *Id.*

### 2. Plaintiff's claims raise common issued of fact or law.

The commonality requirement of Rule 23(a)(2) "is met if there is at least one common question or law or fact." *Fry v. Hayt, Hayt & Landau*, 198 F.R.D. 461, 467 (E.D. Pa. 2000). Rule 23(a)(2) has been construed permissively. *Hanlon*, 150 F.3d at 1019. Plaintiffs "need not show that every question in the case, or even a preponderance of questions, is capable of classwide resolution." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 544 (9th Cir. 2013). "[E]ven a single common question" can satisfy the commonality requirement of Rule 23(a)(2). *Id.*

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 10

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

Plaintiff contends that common questions of law and fact predominate here, satisfying paragraphs (a)(2) and (b)(3) of Rule 23, as alleged in the operative complaints. *See* Cottrell Decl. at ¶¶ 50-52. Defendants have uniform policies applicable to the Class members. *Id*. Specifically, Plaintiff alleges that the Class members all perform the same primary job duties—providing direct patient care services. Plaintiff alleges the wage and hour violations are in large measure borne of Defendants' standardized policies, practices, and procedures that impacts these direct patient care workers in the same ways, creating pervasive issues of fact and law that are amenable to resolution on a class-wide basis. In particular, these Class members are largely subject to the same: hiring and training process; timekeeping, payroll, and compensation policies; and meal and rest period policies and practices. *Id*. Plaintiff's other derivative claims will rise or fall with the primary claims. *Id*. Because these questions can be resolved at the same juncture, Plaintiff contends the commonality requirement is satisfied for the Class. *Id*.

With regards to the FLSA Collective Action, there is little question that these Class members are also "similarly situated" as that term has been interpreted by copious case law. *See, e.g., Bazzell v. Body Contour Center, LLC*, No. C16-0202JLR, 2016 WL 3655274, at *6 (W.D. Wash. July 8, 2016) (finding hourly paid employees "similarly situated" and conditionally certifying collective with overtime claims across 12 states); *Khadera v. ABM Indust., Inc.*, 701 F. Supp. 2d 1190, 1194 (W.D. Wash. 2010) (certifying collective of employees who worked for employer at various locations); *Hoffman v. Securitas Sec. Servs.*, No. CV07-502-S-EJL, 2008 WL 5054684, at *2 (D. Idaho Aug. 27, 2008) (conditionally certifying collective of employees who worked "on an hourly basis, in several job classifications, and at different locations" and who were subjected to same employer policies). The Parties agreed, for settlement purposes, that these Class members are "similarly situated," and indeed each of these workers have similar job duties, patient care responsibilities, each is a non-exempt, patient care hourly worker, and they are all subject to substantially similar meal break, rest break, and timekeeping policies and practices. Because Defendants maintain various common policies and practices as to what work they compensate and

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 11

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

1    what time they do not compensate, and apply these policies and practices to the Class members,

2    Plaintiff contends that there are no individual defenses available to Defendants. *Id.*, ¶ at 52.

### 3. Plaintiff's claims are typical of the claims of the Class.

4    "Rule 23(a)(3) requires that the claims of the named parties be typical of the claims of the

5    members of the class." *Fry*, 198 F.R.D. at 468. "Under the rule's permissive standards, a

6    representative's claims are 'typical' if they are reasonably coextensive with those of absent class

7    members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. Here, Plaintiff

8    contends that her claims are typical of those of all other Class Members. *See* Cottrell Decl. at ¶¶

9    53-54. The Class Members were subject to the alleged illegal policies and practices that form the

10   basis of the claims asserted by Plaintiff in this case. *Id.* Interviews with Class Members and review

11   of timekeeping and payroll data confirm that these non-exempt patient care employees were

12   subjected to the same alleged illegal policies and practices to which Plaintiff alleges she was

13   subjected. *Id.* Thus, Plaintiff contends the typicality requirement is also satisfied. *Id.*

### 4. Plaintiff and Class Counsel will adequately represent the Class.

15   To meet the adequacy of representation requirement in Rule 23(a)(4), Plaintiff must show

16   "(1) that the putative named plaintiff has the ability and the incentive to represent the claims of the

17   class vigorously; (2) that he or she has obtained adequate counsel, and (3) that there is no conflict

18   between the individual's claims and those asserted on behalf of the class." *Fry*, 198 F.R.D. at 469.

19   Plaintiff's claims are in line with the claims of the Class, and Plaintiff's claims are not antagonistic

20   to the claims of Class Members. *See* Cottrell Decl. at ¶¶ 55-56. Plaintiff has prosecuted this case

21   with the interests of the Class Members in mind. *Id.* Moreover, Plaintiff's counsel has extensive

22   experience in class action and employment litigation, including wage and hour class actions, and

23   do not have any conflict with the Class. *Id.* at ¶¶ 5-7, 56.

### 5. The Rule 23(b)(3) requirements for class certification are also met.

25   Under Rule 23(b)(3), Plaintiff must demonstrate that common questions "predominate over

26   any questions affecting only individual members" and that a class action is "superior to other

27   MOTION FOR PRELIMINARY APPROVAL OF
     CLASS AND COLLECTIVE ACTION SETTLEMENT
28   (No.: 3:19-cv-05261-RJB-MAT)
     Page 12

     SCHNEIDER WALLACE
     COTTRELL KONECKY LLP
     2000 Powell Street, Suite 1400
     Emeryville, CA 94608
     415-421-7100

available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The predominance analysis under Rule 23(b)(3) focuses on 'the relationship between the common and individual issues' in the case and 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Wang*, 737 F.3d at 545.

Here, Plaintiff contends the common questions raised in this action predominate over any individualized questions concerning the Class. *See* Cottrell Decl. at ¶¶ 50-52, 57. The Class are entirely cohesive because resolution of Plaintiff's claims hinge on the uniform policies and practices of Defendants, rather than the treatment the Class Members experienced on an individual level. *Id.* As a result, Plaintiff contends the resolution of these alleged class claims would be achieved through the use of common forms of proof, such as Defendants' uniform policies, and would not require inquiries specific to individual Class Members. *Id.*

Further, Plaintiff contends the class action mechanism is a superior method of adjudication compared to a multitude of individual suits. *Id.* at ¶¶ 58-59. To determine whether the class approach is superior, courts are to consider: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D).

Here, the Class Members do not have a strong interest in controlling their individual claims. *See* Cottrell Decl. at ¶¶ 58-59. The action involves thousands of workers with very similar, but relatively small, claims for monetary injury. *Id.* If the Class Members proceeded on their claims as individuals, their many individual suits would require duplicative discovery and duplicative litigation, and each Class Member would have to personally participate in the litigation effort to an extent that would never be required in a class proceeding. *Id.* Thus, Plaintiff contends the class action mechanism would efficiently resolve numerous substantially identical claims at the same

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 13

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

time while avoiding a waste of judicial resources and eliminating the possibility of conflicting decisions from repetitious litigation and arbitrations. *Id.*

The issues raised by the present case are much better handled collectively by way of a settlement. *Id.* at ¶ 60. Manageability is not a concern in the settlement context. *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 593 (1997). The Settlement presented by the Parties provides finality, ensures that workers receive substantial redress for their claims, and avoids clogging the legal system with numerous cases. *See* Cottrell Decl. at ¶ 61. Accordingly, class treatment is efficient and warranted, and the Court should conditionally certify the Class for settlement purposes.

**C.** **The Settlement should be preliminarily approved as to the Class because it is fair, reasonable, and adequate.**

In deciding whether to approve a proposed class or collective settlement, the Court must find that the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Under Rule 23(e)(2), a district court considers whether (A) the class representatives and their counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided by the settlement is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief including the method of processing class-member claims, if required; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; (iv) any agreement required to be identified under Rule 23(e)(3) made in connection with the proposed settlement; and (v) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

These factors are similar to those previously identified by the Ninth Circuit, including: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Churchill Village, LLC. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (citing *Hanlon*, 150 F.3d at 1026). Importantly, courts apply a

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 14

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

presumption of fairness "if the settlement is recommended by class counsel after arm's-length bargaining." *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *6 (N.D. Cal. Apr. 1, 2011). There is also "a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). In light of these factors, the proposed settlement is fair, reasonable, and adequate.

1.  **The Settlement is the product of informed, non-collusive, and arm's-length negotiations between experienced counsel.**

Courts routinely presume a settlement is fair where it is reached through arm's-length bargaining. *See Hanlon*, 150 F.3d at 1027; *Wren*, 2011 WL 1230826, at *14. Furthermore, where counsel are well-qualified to represent the proposed class and collective in a settlement based on their extensive class and collective action experience and familiarity with the strengths and weaknesses of the action, courts find this factor to support a finding of fairness. *Wren*, 2011 WL 1230826, at *10; *Carter v. Anderson Merchandisers, LP*, No. EDCV 08-0025-VAP OPX, 2010 WL 1946784, at *8 (C.D. Cal. May 11, 2010) ("Counsel's opinion is accorded considerable weight.").

Here, the settlement was a product of non-collusive, arm's-length negotiations. *See* Cottrell Decl. at ¶ 79. The Parties participated in mediation with Cliff Freed, who is a skilled and experienced mediator, that consisted of a lengthy session that lasted well into the night. *Id.* The Parties then spent several months continuing settlement negotiations, negotiating the material terms of the Settlement, and even more months negotiating the long form settlement agreement, with several rounds of revisions and proposals related to the terms and details of the Settlement. *Id.* at ¶ 80. Plaintiff is represented by experienced and respected litigators of representative wage and hour actions, and these attorneys feel strongly that the proposed Settlement achieves an excellent result for the Class Members. *Id.* at ¶ 81.

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 15

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

## 2.    The terms of the Settlement are fair, reasonable, and adequate.

In evaluating the fairness of a proposed settlement, courts compare the settlement amount with the estimated maximum damages recoverable in a successful litigation. *In re Mego Fin. Corp. Sec. Litig*., 213 F.3d 454, 459 (9th Cir.2000). Courts routinely approve settlements that provide a fraction of the maximum potential recovery. *See, e.g., Officers for Justice*, 688 F.2d at 623; *Viceral v. Mistras Grp., Inc*., Case No. 15-cv-2198-EMC, 2016 WL 5907869, at *7 (N.D. Cal. Oct. 11, 2016) (approving wage and hour settlement which represented 8.1% of the total verdict value). A review of the Settlement Agreement reveals the fairness, reasonableness, and adequacy of its terms. *See* Cottrell Decl. at ¶¶ 62. The Gross Settlement Amount of $5,500,000, which represents more than 38% of the approximate $14,341,000 that Plaintiff calculated in unpaid wages that would have been owed to all Class Members if each had been able to prove that he or she worked 1.083 hours off-the-clock in every workday during the relevant time period. *Id*. at ¶ 63. When adding other substantive claims and potential penalties, the $5,500,000 settlement amount represents approximately 31% of Defendants' total potential exposure of $16,000,000. *Id*. Again, these figures are based on Plaintiff's assessment of a best-case-scenario. To have obtained such a result at trial(s), Plaintiff would have had to prove that each of the Class Member worked off-the-clock for 1.083 hours in each workday and that Defendants acted knowingly or in bad faith. *Id*. at ¶ 64. These figures would of course be disputed and hotly contested. *Id*. The result is well within the reasonable standard when considering the difficulty and risks presented by pursuing further litigation. *Id*. The final settlement amount takes into account the substantial risks inherent in any class action wage-and hour case, as well as the procedural posture of the Action and the specific defenses asserted by Defendants. *Id*. at ¶ 65; *see Officers for Justice*, 688 F.2d at 623.

## 3.    The extensive informal discovery and mediation process enabled the Parties to make informed decisions regarding the Settlement.

The amount of discovery completed prior to reaching a settlement is important because it bears on whether the Parties and the Court have sufficient information before them to assess the

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 16

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

merits of the claims. *See, e.g., Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 617, 625 (N.D. Cal. 1979); *Lewis v. Starbucks Corp.*, No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690, at *6 (E.D. Cal. Sept. 11, 2008). Informal discovery may also assist parties with "form[ing] a clear view of the strengths and weaknesses of their cases." *Monterrubio v. Best Buy Stores*, L.P., 291 F.R.D. 443, 454 (E.D. Cal. 2013).

The Parties engaged in extensive formal and informal discovery and class outreach that have enabled both sides to assess the claims and potential defenses in this action. *See* Cottrell Decl. at ¶ 68. The Parties were able to accurately assess the legal and factual issues that would arise if the case proceeded to trial. *Id*. In addition, in reaching this Settlement, Plaintiff's counsel relied on their substantial litigation experience in similar wage and hour class and collective actions. *Id*. at ¶¶ 5-7, 69. Plaintiff's counsel's liability and damages evaluation was premised on a careful and extensive analysis of the effects of Defendants' compensation policies and practices on Class Members' pay. *Id.* at ¶ 70. Ultimately, facilitated by the mediator, the Parties used this information and discovery to fairly resolve the litigation. *Id.* at ¶ 71.

### 4. The Parties have agreed to distribute settlement proceeds tailored to the Class and their respective claims.

In an effort to ensure fairness, the Parties have agreed to allocate the settlement proceeds amongst Class Members in a manner that recognizes that amount of time that the particular Class Member worked for Defendants in the applicable limitations period. The allocation method, which is based on the Class Members' total workweeks within the relevant time period, will ensure that longer-tenured workers receive a greater recovery. The allocation was made based on Class Counsel's assessment to ensure that employees are compensated accordingly and in the most equitable manner. *Id*. at ¶ 66. To the extent that any Class Member is both a FLSA Opt-In Plaintiff and a member of a Rule 23 Class, the settlement shares apportioned to each Opt-In Plaintiff will be calculated to avoid "double-recovery." *Id*. at ¶ 67. Each Class Member will receive a Settlement Share, calculated by dividing the Net Settlement Fund by the total number of workweeks worked by all Participating Class Members during the Class Period, and multiplying the result by each

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 17

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

individual Class Members' total workweeks during the Class Period. *See* Settlement Agreement at ¶ III.D.1-2. The Parties have allocated $500,000 of the Net Settlement Fund to be paid to those Class Members who opt-in to the FLSA collective action, with payment of a Settlement Share from the FLSA Net Settlement Fund to each Opt-in Plaintiff to be calculated by the total number of workweeks working by all FLSA Collective Members during the FLSA Collective Period, and multiplying each individual Opt-In Plaintiff's workweeks worked during the FLSA Collective Period. *Id.* at ¶ III.C

A class action settlement need not benefit all class members equally. *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1148 (11th Cir. 1983); *In re AT & T Mobility Wireless Data Services Sales Tax Litigation*, 789 F. Supp. 2d 935, 979–80 (N.D. Ill. 2011). Rather, although disparities in the treatment of class and collective members may raise an inference of unfairness and/or inadequate representation, this inference can be rebutted by showing that the unequal allocations are based on legitimate considerations. *Holmes*, 706 F.2d at 1148; *In re AT & T*, 789 F.Supp.2d at 979–80. Plaintiff provides rational and legitimate bases for the allocation method here, and the Parties submit that it should be approved by the Court.

### 5. Litigating the Action would not only delay recovery, but would be expensive, time-consuming, and involve substantial risk.

The monetary value of the proposed Settlement represents a fair compromise given the risks and uncertainties posed by continued litigation. *See* Cottrell Decl. at ¶ 72. If the Action were to go to trial as a class and collective action (which Defendants would vigorously oppose if this Settlement Agreement were not approved), Class Counsel estimates that fees and costs would exceed $5,000,000. *Id.* at ¶ 73. Litigating the class and collective action claims would require substantial additional preparation and discovery. *Id.* It would require depositions of experts, the presentation of percipient and expert witnesses at trial, as well as the consideration, preparation, and presentation of voluminous documentary evidence and the preparation and analysis of expert reports. *Id.*

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 18

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

1   Recovery of the damages and penalties previously referenced would also require complete

2   success and certification of all of Plaintiff's claims, a questionable feat in light of developments in

3   wage and hour and class and collective action law as well as the legal and factual grounds that

4   Defendants have asserted to defend this action. *Id*. at ¶ 74. Off-the-clock claims are difficult to

5   certify for class treatment, given that the nature, cause, and amount of the off-the-clock work may

6   vary based on the individualized circumstances of the worker. *See, e.g., Villafan v. Broadspectrum*

7   *Downstream Servs.*, No. 18-cv-06741-LB, 2020 U.S. Dist. LEXIS 218152, at *15 (N.D. Cal. Nov.

8   20, 2020) (citing *In re AutoZone, Inc., Wage & Hour Employment Practices Litig.*, 289 F.R.D. 526,

9   539 (N.D. Cal. 2012), *aff'd*, No. 17-17533, 2019 WL 4898684 (9th Cir. Oct. 4, 2019)); *Kilbourne*

10  *v. Coca-Cola Co.*, No. 14CV984-MMA BGS, 2015 WL 5117080, at *14 (S.D. Cal. July 29, 2015);

11  *York v. Starbucks Corp.*, No. CV 08-07919 GAF PJWX, 2011 WL 8199987, at *30 (C.D. Cal. Nov.

12  23, 2011). While Plaintiff is confident that she would establish that common policies and practices

13  give rise to the off-the-clock work for the patient care staff at issue here, Plaintiff acknowledged

14  that such off-the-clock work was performed at various of different departments across the hospital,

15  each with its own supervisors and management staff. *See* Cottrell Decl. at ¶¶ 75-77. With those

16  considerations in mind, Plaintiff recognized that obtaining class certification would present an

17  obstacle, with the risk that the nursing staff might only be able pursue individual actions in the

18  event that certification was denied. Certification of off-the-clock work claims is complicated by the

19  lack of documentary evidence and reliance on employee testimony, and Plaintiff would likely face

20  motions for decertification as the case progressed. *Id*. Given that a significant portion of the

21  estimated damages are largely driven by the alleged off-the-clock work, Plaintiff's counsel factored

22  a significant discount into the hypothetical value of the off-the-clock claims when assessing the

23  final Settlement amount reached with the assistance of Cliff Freed. *Id*.

24      In contrast to litigating this suit, resolving this case by means of the Settlement will yield a

25  prompt, certain, and very substantial recovery for the Class Members. *Id*. at ¶ 78. Such a result will

26

27  MOTION FOR PRELIMINARY APPROVAL OF
    CLASS AND COLLECTIVE ACTION SETTLEMENT
28  (No.: 3:19-cv-05261-RJB-MAT)
    Page 19

    SCHNEIDER WALLACE
    COTTRELL KONECKY LLP
    2000 Powell Street, Suite 1400
    Emeryville, CA 94608
    415-421-7100

benefit the Parties and the court system. *Id.* It will bring finality to extensive litigation, and will foreclose the possibility of expanding litigation.

**D.     The Class Representative enhancement payment is reasonable.**

Named plaintiffs in class action litigation are eligible for reasonable service awards. *See Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). Plaintiff Etcheverry's enhancement payment of up to $10,000 is intended to compensate her for the critical role she played in this case, and the time, effort, and risks undertaken in helping secure the result obtained on behalf of the Class members, as well as her agreement to a broader, general release. *See* Cottrell Decl. at ¶¶ 82-85. In agreeing to serve as Class and Collective representative, Plaintiff formally agreed to accept the responsibilities of representing the interests of all Class Members. *Id.* Defendants do not oppose the requested payment to Plaintiff as a reasonable service award. *Id.*

Moreover, the service award is fair when compared to the payments approved in similar cases. *See, e.g., Rausch v. Hartford Fin. Servs. Grp.*, No. 01-cv-1529-BR, 2007 U.S. Dist. LEXIS 14740, at *2 (D. Or. Feb. 26, 2007) (finding incentive award of $10,000 reasonable when awards to unnamed class members were as little as $150); *May v. Wynn Las Vegas, LLC*, No. 2:15-cv-02142-RFB-DJA, 2021 U.S. Dist. LEXIS 15898, at *10 (D. Nev. Jan. 25, 2021) (approving class service awards of $15,000 for each of three class representatives); *Soto, et al. v. O.C. Communications, Inc., et al.*, Case No. 3:17-cv-00251-VC, ECF 304 (N.D. Cal. Oct. 23, 2019) (approving $15,000 and $10,000 service awards in hybrid FLSA/Rule 23 settlement); *Guilbaud v. Sprint/United Management Co., Inc.*, No. 3:13-cv-04357-VC, Dkt. No. 181 (N.D. Cal. Apr. 15, 2016) (approving $10,000 service payments for each class representative in FLSA and California state law representative wage and hour action).

**E.     The requested attorneys' fees and costs are reasonable.**

In Plaintiff's fee motion to be submitted with the final approval papers, Plaintiff's counsel will request up to one-third (1/3) of the Gross Settlement Amount, or $1,833,333.33, plus reimbursement of costs up $11,000). *See* Cottrell Decl. at ¶¶ 86-90. Plaintiff's counsel will provide

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page  20

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

the lodestar information for Schneider Wallace Cottrell Konecky LLP and Terrell Marshall Law Group PLLC with the fee motion, and anticipate that the aggregate lodestar will be approximately on par with the requested fee award. *Id*. On this basis, the requested attorneys' fees award of one-third of the Gross Settlement Amount is reasonable. *Id*.; *see, e.g., Vizcaino v. Microsoft Corp.*, 290 F. 3d 1043, 1050-51 (9th Cir. 2002) ("Calculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award").

The typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to one-third of the total settlement value, with 25% considered the "benchmark." *Vasquez v. Coast Valley Roofing*, 266 F.R.D. 482, 491-492 (E.D. Cal. 2010) (citing *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000)); *Hanlon*, 150 F.3d at 1029; *Staton*, 327 F.3d at 952. However, the exact percentage varies depending on the facts of the case, and in "most common fund cases, the award exceeds that benchmark." *Id*. (citing *Knight v. Red Door Salons, Inc*., No. 08-01520 SC, 2009 WL 248367 (N.D. Cal. 2009); *In re Activision Sec. Litig*., 723 F. Supp. 1373, 1377-78 (N.D. Cal. 1989) ("nearly all common fund awards range around 30%")).

"'**In cases where recovery is uncertain, an award of one third of the common fund as attorneys' fees has been found to be appropriate**.'" *Demmings v. KKW Trucking, Inc.*, No. 3:14-cv-0494-SI, 2018 U.S. Dist. LEXIS 159749, at *39 (D. Or. Sept. 19, 2018) (emphasis added) (quoting *Franco v. Ruiz Food Prods.*, No. 1:10-cv-02354-SKO, 2012 WL 5941801, at *16 (E.D. Cal. Nov. 27, 2012)).

Indeed, the "risk of costly litigation and trial is an important factor in determining the fee award." *Bell v. Consumer Cellular, Inc.*, No. 3:15-cv-941-SI, 2017 U.S. Dist. LEXIS 95401, at *29 (D. Or. June 21, 2017) (citing *Rosales v. El Rancho Farms*, No. 1:09-CV-00707 -AWI-JLT, 2015 U.S. Dist. LEXIS 95775, at *52 (E.D. Cal. July 21, 2015); *Chemical Bank v. City of Seattle (In re Washington Pub. Power Supply Sys. Sec. Litig.)*, 19 F.3d 1291, 1299-1301 (9th Cir. 1994)). When considering the risks posed in litigation, "the risk of loss in a particular case is a product of two

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 21

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

factors: (1) the legal and factual merits of the claim, and (2) the difficulty of establishing those merits." *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992).

In this case, given the excellent results achieved, the effort expended on discovery and in extensive mediated settlement negotiations, and the risks and difficulties attendant to litigating this hybrid class/collective case, a modest upward adjustment from the benchmark is warranted. *See* Cottrell Decl. at ¶¶ 86-90. There was no guarantee of compensation or reimbursement. *Id.* Rather, counsel undertook all the risks of this litigation on a completely contingent fee basis. *Id.* These risks were front and center. *Id.* Defendants vigorously and skillfully defended this action and confronted Plaintiff's counsel with the prospect of recovering nothing or close to nothing for their commitment to and investment in the case. *Id.*

Nevertheless, Plaintiff and her counsel committed themselves to developing and pressing Plaintiff's legal claims to enforce the employees' rights and maximize the class and collective recovery. *Id.* The challenges that Class Counsel had to confront and the risks they had to fully absorb on behalf of the class and collective here are precisely the reasons for multipliers in contingency fee cases. *See, e.g., Noyes v. Kelly Servs., Inc.*, 2:02-CV-2685-GEB-CMK, 2008 WL 3154681 (E.D. Cal. Aug. 4, 2008); Posner, Economic Analysis of the Law, 534, 567 (4th ed. 1992) ("A contingent fee must be higher than a fee for the same legal services paid as they are performed . . . because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of conventional loans").

Attorneys who litigate on a wholly or partially contingent basis expect to receive significantly higher effective hourly rates in cases where compensation is contingent on success, particularly in hard-fought cases where, like in the case at bar, the result is uncertain. *See* Cottrell Decl. at ¶ 89. This does not result in any windfall or undue bonus. *Id.* In the legal marketplace, a lawyer who assumes a significant financial risk on behalf of a client rightfully expects that his or her compensation will be significantly greater than if no risk was involved (i.e., if the client paid the bill on a monthly basis), and that the greater the risk, the greater the "enhancement." *Id.*

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 22

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

1 Adjusting court-awarded fees upward in contingent fee cases to reflect the risk of recovering no

2 compensation whatsoever for hundreds of hours of labor simply makes those fee awards consistent

3 with the legal marketplace, and in so doing, helps to ensure that meritorious cases will be brought

4 to enforce important public interest policies and that clients who have meritorious claims will be

5 better able to obtain qualified counsel. *Id.*

6     For these reasons, Plaintiff's counsel respectfully submits that a one-third recovery for fees

7 is appropriate. *Id.* at ¶ 90. Class Counsel also requests reimbursement for their litigation costs in an

8 amount not to exceed $11,000. *Id.* Class Counsel's efforts resulted in an excellent settlement, and

9 the fee and costs award should be preliminarily approved as fair and reasonable.

10     **F.     The Proposed Notice and Claims Form is reasonable.**

11     The Court must ensure that Class Members receive the best notice practicable under the

12 circumstances of the case. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985); *Eisen*

13 *v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1974). Procedural due process does not guarantee

14 any particular procedure but rather requires only notice reasonably calculated "to apprise interested

15 parties of the pendency of the action and afford them an opportunity to present their objections."

16 *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Silber v. Mabon*, 18 F.3d

17 1449, 1454 (9th Cir. 1994). A settlement notice "is satisfactory if it 'generally describes the terms

18 of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to

19 come forward and be heard.'" *Churchill Village LLC*, 361 F.3d at 575.

20     The Notice of Settlement and Claims Form, attached as Exhibits A-B to the Settlement

21 Agreement, and manner of distribution negotiated and agreed upon by the Parties are "the best

22 notice practicable." *See* Cottrell Decl. at ¶ 91; Fed. R. Civ. P. 23(c)(2)(B). Each of the Class

23 Members has been identified and the Notices of Settlement will be mailed directly to each Class

24 Member, and emailed to those for whom Defendants have an email address. *Id.* at ¶ 92. The

25 proposed Notices are clear and straightforward, and provide information on the nature of the action

26 and the proposed Settlement Class, the terms and provisions of the Settlement Agreement, and the

27 MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 23

28

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

monetary awards that the Settlement will provide Class Members. *Id*. In addition, the Parties will provide a settlement website that provides a generic form of the Notice, the Settlement Agreement, and other case related documents and contact information. *Id*. ¶ 93.

The proposed Notice fulfills the requirement of neutrality in class notices. *Id.* at ¶ 94. *See* Conte, Newberg on Class Actions, § 8.39 (3rd Ed. 1992). They summarize the proceedings necessary to provide context for the Settlement Agreement and summarize the terms and conditions of the Settlement, including an explanation of how the settlement amount will be allocated between the Named Plaintiffs, Plaintiffs' counsel, the Settlement Administrator, and the Class Members, in an informative, coherent and easy-to-understand manner, all in compliance with the Manual for Complex Litigation's recommendation that "the notice contain a clear, accurate description of the terms of the settlement." *See* Cottrell Decl. at ¶ 94; Manual for Complex Litigation, Settlement Notice, § 21.312 (4th ed. 2004).

The Notice clearly explains the procedures and deadlines for submitting an opt-in form to become part of the FLSA Collective Action, requesting exclusion from the Settlement, objecting to the Settlement, the consequences of taking or foregoing the various options available to Class Members, and the date, time and place of the Final Approval Hearing. Cottrell Decl. at ¶ 95. Pursuant to Rule 23(h), the proposed Notice of Settlement also sets forth the amount of attorneys' fees and costs sought by Plaintiffs, as well as an explanation of the procedure by which Class Counsel will apply for them. *Id*. The Notice of Settlement clearly states that the Settlement does not constitute an admission of liability by Defendants. *Id*. The Notice makes clear that the final settlement approval decision has yet to be made. *Id*. at ¶ 96. Accordingly, the Notice of Settlement complies with the standards of fairness, completeness, and neutrality required of a settlement class notice disseminated under authority of the Court. *See* Conte, Newberg on Class Actions, §§ 8.21 and 8.39 (3rd Ed. 1992); Manual for Complex Litigation, Certification Notice, § 21.311; Settlement Notice, § 21.312 (4th ed. 2004).

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 24

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

Furthermore, reasonable steps will be taken to ensure that all Class Members receive the Notice. Cottrell Decl. at ¶ 98. Before mailing, Defendants will provide to the Settlement Administrator a database that contains the names, last known addresses, last known email addresses (if any), and social security numbers of each Class Member, along with the applicable number of workweeks for calculating the respective settlement shares. *Id.* The Notices of Settlement will be sent by United States Mail, and also via email to the maximum extent possible. The Settlement Administrator will make reasonable efforts to update the contact information in the database using public and private skip tracing methods. Within 14 days of receipt of the Class List from Defendants, the Settlement Administrator will mail the Notices of Settlement to each Class Member. *Id.*

With respect to Class Notices returned as undeliverable, the Settlement Administrator will re-mail any Notices returned to the Settlement Administrator with a forwarding address following receipt of the returned mail. *Id.* at ¶ 99. If any Notice is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator will undertake reasonable efforts to search for the correct address, including skip tracing, and will promptly re-mail the Notice of Settlement to any newly found address. *Id.*

Rule 23 Class Members will have 60 days from the mailing of the Notices of Settlement to submit a form to opt-in to the FLSA portion, to opt-out or object to the Settlement. *Id.* at 100. Any Rule 23 Class Member who does not submit a timely request to exclude themselves from the Settlement will be deemed a Participating Individual whose rights and claims are determined by any order the Court enters granting final approval, and any judgment the Court ultimately enters in the case. *Id.* Administration of the Settlement will follow upon the occurrence of the Effective Date of the Settlement. *Id.* at ¶ 101. The Settlement Administrator will provide Class Counsel and Defendants' Counsel with a report of all Settlement payments within 10 business days after the opt out/objection deadline. *Id.* at ¶ 102.

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 25

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

Because the proposed Notices of Settlement clearly and concisely describe the terms of the Settlement and the awards and obligations for Class Members who participate, and because the Notices will be disseminated in a way calculated to provide notice to as many Class Members as possible, the Notices of Settlement should be preliminarily approved.

**G.     The Court should approve the proposed schedule.**

The Settlement Agreement contains the following proposed schedule, which Plaintiffs respectfully request this Court approve:

| | |
|---|---|
| Date of preliminary approval of the Settlement as to Classes and approval of the Settlement as to the Collective | |
| Deadline for CHI Franciscan to provide Settlement Services Inc. with the Class List | Within 21 days after the Court's preliminary approval of the Settlement |
| Deadline for Settlement Services Inc.to mail the Notice of Settlement to Class Members | Within 14 days after Settlement Services Inc. receives the Class List |
| Deadline for Rule 23 Class Members to postmark requests to opt-out or file objections to the Settlement, and Deadline for FLSA Class Members to submit an opt-in consent form | 60 days after Notices of Settlement are mailed |
| Deadline for Settlement Services Inc.to provide all counsel with a report showing<br><br>(i) the names of Rule 23 Class Members and FLSA Class Members;<br><br>(ii) the Individual Settlement Payments owed to each Rule 23 Class Member and FLSA Class Member;<br><br>(iii) the final number of Class Members who have submitted objections or valid letters requesting exclusion from the Settlement; and<br><br>(iv) the number of undeliverable Notices of Settlement. | Within 10 business days after the opt out/objection deadline |
| Deadline for filing of Final Approval Motion | At least 35 days before Final Approval Hearing |

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page  26

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

| | |
|---|---|
| Deadline for Settlement Services Inc.to provide the Court and all counsel for the Parties with a statement detailing the Settlement Administration Costs and its administration of the Notice of Settlement process | At least 10 days before Final Approval Hearing |
| Final Approval Hearing | To be scheduled by the Court |
| Effective Date | The date by which the Agreement is approved by the Court, and latest of: (i) if no objection to the Settlement is made, or if an objection to the Settlement is made and Judgment is entered but no appeal is filed, the last date on which a notice of appeal from the Judgment may be filed and none is filed; or (ii) if Judgment has been entered and a timely appeal from the Judgment is filed, the date the Judgment is affirmed and is no longer subject to appeal. |
| Deadline for Defendants to pay the Gross Settlement Amount into the Qualified Settlement Account | Within 15 business days after Effective Date |
| Deadline for Defendants to deposit the amount of Payroll Taxes | Within 15 business days after Effective Date |
| Deadline for Settlement Services Inc.to make payments under the Settlement to Participating Individuals, Class Representative, Plaintiffs' counsel, and itself | Within 45 days after the Effective Date |
| Check-cashing deadline | 180 days after issuance |
| Deadline for Settlement Services Inc.to provide written certification of completion of administration of the Settlement to counsel for all Parties and the Court | As soon as practicable after check-cashing deadline |

## VI.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant preliminary approval of the Settlement Agreement as to the Settlement Class, in accordance with the schedule set forth herein.

MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 27

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

Dated: June 10, 2021                    Respectfully submitted,


                                        By: /s/ Carolyn H. Cottrell
                                        Carolyn Hunt Cottrell, *Admitted Pro Hac Vice*
                                        Email: ccottrell@schneiderwallace.com
                                        Ori Edelstein. *Admitted Pro Hac Vice*
                                        Email: oedelstein@schneiderwallace.com
                                        William M. Hogg, *Admitted Pro Hac Vice*
                                        Email: whogg@schneiderwallace.com
                                        **SCHNEIDER WALLACE**
                                        **COTTRELL KONECKY LLP**
                                        2000 Powell Street, Suite 1400
                                        Emeryville, California 94608
                                        Telephone: (415) 421-7100
                                        Facsimile: (415) 421-7105

                                        Beth E. Terrell, WSBA #26759
                                        Email: bterrell@terrellmarshall.com
                                        Toby J. Marshall, WSBA #32723
                                        Email: tmarshall@terrellmarshall.com
                                        **TERRELL MARSHALL LAW GROUP PLLC**
                                        936 North 34th Street, Suite 300
                                        Seattle, Washington 98103-8869
                                        Telephone: (206) 816-6603
                                        Facsimile: (206) 319-5450

                                        *Attorney for Plaintiff and the Putative Class and Collective*


                            <u>**CERTIFICATE OF SERVICE**</u>

        I hereby certify that on June 10, 2021, a true and accurate copy of the foregoing was

electronically filed with the Clerk of Court using the CM/ECF system, which will automatically

send email notification of such filing to all counsel of record.


                                        /s/ Carolyn H. Cottrell
                                        Carolyn H. Cottrell


MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 28

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100