EXHIBIT 1

**CLASS AND COLLECTIVE ACTION SETTLEMENT AGREEMENT**

This Class and Collective Action Settlement Agreement ("Agreement") is made by and between plaintiff Hana Etcheverry ("Plaintiff"), individually and on behalf of all others similarly situated, and defendants Franciscan Health System D/B/A CHI Franciscan Health, Franciscan Medical Group, Franciscan Health Ventures, Harrison Medical Center, and Harrison Medical Center Foundation (collectively "Defendants").

**I.      DEFINITIONS**

In addition to other terms defined in this Agreement, the terms below have the following meaning:

A.      "Action" means the Complaint that was filed in the United States District Court, Western District of Washington and any amendments thereto, which is currently captioned *Hana Etcheverry v. Franciscan Health System d/b/a CHI Franciscan Health, et al.,* Case No. 3:19-cv-05621-RJB-MAT.

B.      "Class" means all current and former hourly, non-exempt employees employed by Defendants in Washington in one or more of the job classifications in the table below and subjected to an automated 30-minute meal period deduction policy at any time during the Class Period.

| | | |
|---|---|---|
| Certified Medical Assistant ("CNA") | Medical Assistant | RN-Clinic Oncology |
| CNA-Health Unit Coordinator | Medical Assistant Clinic | RN-Clinic Oncology Cert |
| CNA-Home Health Aide | Medical Assistant Clinic Lead | RN-Clinic Oncology Lead-Cert |
| CNA-HUC-Monitor Tech Combo | Medical Assistant Float II | RN-Clinic Specialty |
| CAN-Transporter | Medical Assistant Lead | RN-Coordinator |
| CAN-Transporter Diag Imaging | Medical Assistant Reg Float | RN-Enterostomal |
| Endoscopy Tech | Medical Assistant-Ortho Cast | RN-Homecare Charge |
| Endoscopy Tech I | Medical Assistant-Ortho Cast Lead | RN-Injector |
| Endoscopy Tech II | Monitor Tech-HLT Unit Coord LD | RN-Lead |
| Endoscopy Tech Lead | Nurse Technician-Student | RN-Navigator |
| Licensed Practical Nurse ("LPN") | Reg Medical Assistant Clinic | RN-Patient Care Coordinator HA |

76994514.7

| | | |
|---|---|---|
| LPN-Anesthesia | Registered Medical Assistant | RN-Patient Care Coordinator HART |
| LPN-Anesthesia Tech Cert | Registered Nurse ("RN") | RN-Patient Care Coordinator IP |
| LPN-Care Coordinator | RN-Cardiac Device | RN-Patient Care Coordinator RR |
| LPN-Case Coordinator | RN-Cert | RN-Pre/Post Surgery |
| LPN-C-Clinic | RN-Charge | RN-Residency |
| LPN-Clinic | RN-Charge Cert | RN-Residency Program |
| LPN-Clinic Coordinator | RN-Charge Relief | RN-Resource |
| LPN-Clinic Float II | RN-Charge Relief Cert | RN-Resource Code |
| LPN-Clinic Gastro | RN-Clinic | RN-Resource Periop |
| LPN-Clinic Gastro Preadmit | RN-Clinic Cardio | RN-Resource Periop Cert |
| LPN-Clinic Lead | RN-Clinic Float | RN-SWAT |
| LPN-Clinic Trauma | RN-Clinic Float II | RN-SWAT Cert |
| LPN-Lead | RN-Clinic Gastro | RN-Wound Care Coordinator |
| LPN-Triage | RN-Clinic Gastro Cert | RN-Wound Care Coordinator Cert |
| Medical Assist Clinic Float | RN-Clinic Lead | |

C.      "Class Counsel" means Beth E. Terrell and Toby J. Marshall of Terrell Marshall Law Group PLLC and Carolyn H. Cottrell, Ori Edelstein and William M. Hogg of Schneider Wallace Cottrell Konecky LLP.

D.      "Class Counsel Fees Payment" and "Class Counsel Litigation Expenses Payment" mean the amounts to be paid to Class Counsel for fees and expenses, respectively, as approved by the Court to compensate them for their legal work in connection with the Action, including their pre-filing investigation, their filing of the Action, all related litigation activities, all Settlement work, all post-Settlement compliance procedures, and related litigation expenses billed in connection with the Action.

E.      "Class and Collective Data" means, for each Class Member, his or her name; last-known mailing address; Social Security number (which will only be furnished to the Settlement Administrator); his or her employee identification number; his or her email address (if known); his or her dates of employment and/or number of workweeks worked during the Class Period as a Class Member and number of workweeks worked during the FLSA Collective Period as an FLSA Collective Member.

F.      "Class Member" is a member of the Class.

G.      "Class and Collective Notice" means the Notice of Proposed Settlement of Class and Collective Action and Hearing Date for Final Court Approval substantively in the form attached hereto as <u>Exhibit A</u> to this Agreement and incorporated by reference into this Agreement.

H.      "Class and Collective Notice Packet" means the Class and Collective Notice to be provided to the Class Members by the Settlement Administrator in the form set forth as <u>Exhibit A</u> to this Agreement and the FLSA Collective Consent form in the form set forth as <u>Exhibit B</u> (other than formatting changes to facilitate printing by the Settlement Administrator).

I.      "Class Net Settlement Fund" means the Gross Settlement Amount less the Court-approved amounts for the FLSA Net Settlement Fund, Class Representative Service Payment, Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, and Settlement Administration Expenses, but adding back the unclaimed amount of the FLSA Net Settlement Fund.

J.      "Class Period" means the period of time from April 9, 2015 through the date of Preliminary Approval of the Settlement but excludes the time period covered by any previous settlement involving the Class including, but not limited to, a settlement with St. Joseph Medical Center which applied to registered nurses through November 30, 2016.

K.      "Class Representative Service Payment" means the service payment made to Plaintiff in her capacity as Class Representative in order to compensate her for initiating the Action, performing work in support of the Action, undertaking the risk of liability for Defendants' expenses in the event the Plaintiff was unsuccessful in the prosecution of the Action, and for the general release of all claims by the Plaintiff as set forth herein.

L.      "Court" means the United States District Court for the Western District of Washington.

M.      "Defendants" means defendants Franciscan Health System D/B/A CHI Franciscan Health, Franciscan Medical Group, Franciscan Health Ventures, Harrison Medical Center, and Harrison Medical Center Foundation.

N.      "Defendants' Counsel" means Donald L. Samuels and Jessica M. Andrade of Polsinelli LLP.

O.      "Effective Date" means the date by which all of the following have occurred:

    1.      This Agreement is approved by the Court; and

    2.      The Judgment becomes Final as defined in Section I.P of this Agreement.

P.      "Final" means the last of the following dates, as applicable:

76994514.7

1.    If no objection to the Settlement is made, or if an objection to the Settlement is made and Judgment is entered but no appeal is filed, the last date on which a notice of appeal from the Judgment may be filed and none is filed.

2.    If Judgment is entered and a timely appeal from the Judgment is filed, the date the Judgment is affirmed and is no longer subject to appeal.

Q.    "Final Approval Hearing" means the hearing to be conducted by the Court to determine whether to approve finally and implement the terms of this Agreement and enter the Judgment.

R.    "FLSA Collective" and "FLSA Collective Members" means all current and former hourly, non-exempt employees employed by Defendants in Washington in one or more of the job classifications listed in Section I.B and subjected to an automatic time deduction policy and practice at any time during the FLSA Collective Period.

S.    "FLSA Collective Consent Form" means the form that FLSA Collective members must timely submit to become Opt-In Plaintiffs and receive a Settlement Share from the FLSA Net Settlement Fund.

T.    "FLSA Collective Period" means April 9, 2016 through the date of Preliminary Approval of the Settlement.

U.    "FLSA Net Settlement Fund" means the amount not to exceed $500,000 available for payout to the Opt-In Plaintiffs.

V.    "Gross Settlement Amount" means Five Million Five Hundred Thousand Dollars ($5,500,000) to be paid by Defendants as provided by this Agreement.  This amount is an all-in amount and shall be inclusive of all payments of Settlement Shares to the Class Members and FLSA Collective Members, Settlement Administration Expenses, Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, the Class Representative Service Payment and any other amounts required for the full and final resolution of this Action, but excluding employer payroll taxes, if any, due on the portion of the Settlement Shares allocated to wages which shall not be paid from the Gross Settlement Amount and shall be the separate additional obligation of Defendants.

W.    "Judgment" means the Final Approval Order and Judgment entered by the Court disposing of all issues raised in this Action.

X.    "Non-Participating Class Member" means a Class Member who submits a valid and timely Request for Exclusion.

Y.    "Opt-In Plaintiffs" means Plaintiff, each person who has a consent on file with the Court as of the date this Agreement is signed and each FLSA Collective Member who timely submits a FLSA Collective Consent Form, and therefore opts in and consents to participate in the FLSA component of the Action.

Z.     "Parties" means Plaintiff, Opt-in Plaintiffs, the Participating Class Members and Defendants.

AA.    "Participating Class Member" means a Class Member who does not submit a valid and timely Request for Exclusion.

BB.    "Plaintiff" means Hana Etcheverry.

CC.    "Preliminary Approval of the Settlement" means the Court's Order Granting Preliminary Approval of the Settlement.

DD.    "Released Class Claims" means the claims released in Section III.G.1 of the Agreement.

EE.    "Released Parties" means Defendants, their parents, predecessors, successors, all affiliates, subsidiaries, and their respective officers, directors, agents, employees, and stockholders.

FF.    "Request for Exclusion" means the written request by a Class Member to exclude himself or herself from the Settlement submitted in accordance with the instructions in the Class and Collective Notice.

GG.    "Settlement" means the disposition of the Action and all related claims effectuated by this Agreement.

HH.    "Settlement Administrator" means the administrator proposed by the Parties and appointed by the Court to administer the Settlement.  The determination of the Settlement Administrator shall be agreed to by all counsel.

II.    "Settlement Share" means each Participating Class Member's share of the Class Net Settlement Fund and each Opt-In Plaintiff's share of the FLSA Net Settlement Fund as provided by this Agreement.

## II.    RECITALS

A.     On April 9, 2019, Plaintiff filed a Complaint against Defendants in United States District Court for the Western District of Washington.  Plaintiff asserted claims that Defendants:

1.     Failed to pay overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and that Defendants' violations were willful within the meaning of 29 U.S.C. § 255(a);

2.     Failed to pay overtime in violation of the Revised Code of Washington ("RCW) 49.46.130;

3.     Failed to provide required meal breaks in violation of RCW 49.12.020 and Washington Administrative Code ("WAC") 296-126-092;

76994514.7

4.      Failed to provide required rest breaks in violation of RCW 49.12.020 and WAC 296-126-092;

5.      Failed to pay minimum wages in violation of RCW 49.46.090;

6.      Failed to pay all wages owed at termination in violation of 49.48.010;

7.      Willfully refused to pay wages in violation of RCW 49.52.050; and

8.      Violated the Washington Consumer Protection Act, RCW 19.86.

B.      On August 15, 2019, Defendants filed individual answers with affirmative defenses to the Complaint.

C.      On August 27, 2020, the Parties participated in an all-day mediation presided over by Cliff Freed, a respected mediator of wage and hour class actions. Following the mediation, the Parties represented by their respective counsel were able to agree to settle the Action with the ongoing assistance of the mediator. This Agreement replaces and supersedes any other agreements, understandings, or representations between the Parties regarding the Settlement.

D.      This Agreement represents a compromise and settlement of highly disputed claims. Nothing in this Agreement is intended or will be construed as an admission by Defendants that the claims in the Action of Plaintiff, the Class or the FLSA Collective have merit or that Defendants bear any liability to Plaintiff, the Class or the FLSA Collective on those claims or any other claims, or as an admission by Plaintiff that Defendants' defenses in the Action have merit. The Parties agree to certification of the Class and the FLSA Collective for purposes of this Settlement only. If for any reason the Settlement does not become effective, Defendants reserve the right to contest certification of any class or collective for any reason and reserve all available defenses to the claims in the Action.

Based on these Recitals that are a part of this Agreement, the Parties agree as follows:

## III.   SETTLEMENT TERMS AND CONDITIONS

A.      **Gross Settlement Amount.** Subject to the terms and conditions of this Agreement, the maximum amount that Defendants will pay under this Settlement is Five Million Five Hundred Thousand Dollars ($5,500,000). This amount is all-inclusive of all payments contemplated in this resolution, excluding any employer payroll taxes on the portion of the Settlement Shares allocated to wages which shall be separately paid by Defendants to the Settlement Administrator.

B.      **Payments from the Gross Settlement Amount.** Subject to the terms and conditions of this Agreement, the Settlement Administrator will make the following payments out of the Gross Settlement Amount:

1.      **To Plaintiff:** In addition to the Settlement Shares to be paid to Plaintiff, Plaintiff will apply to the Court for an award of not more than $10,000 as

76994514.7

the Class Representative Service Payment. Defendants will not oppose a Class Representative Service Payment of no more than $10,000 for Plaintiff. The Settlement Administrator will pay the Class Representative Service Payment approved by the Court out of the Gross Settlement Amount. If the Court approves a Class Representative Service Payment of less than $10,000 for Plaintiff, the remainder will be retained in the Class Net Settlement Fund for distribution to Participating Class Members. Payroll tax withholding and deductions will not be taken from the Class Representative Service Payment and instead a Form 1099 will be issued to Plaintiff with respect to the payment. To receive the payment, Plaintiff agrees to a general release of all claims as set forth below.

2.   **To Class Counsel:** Class Counsel will apply to the Court for an award of not more than one-third (1/3) of the Gross Settlement Amount, which is presently $1,833,333.33 as their Class Counsel Fees Payment and an amount not more than $11,000 for all expenses incurred as documented in Class Counsel's billing records as their Class Counsel Litigation Expenses Payment. Defendants will not oppose their request for a Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment consistent with this Agreement and approved by the Court. The Settlement Administrator will pay the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment out of the Gross Settlement Amount. If the Court approves a Class Counsel Fees Payment or a Class Counsel Litigation Expenses Payment less than provided for in this Agreement, the remainder will be retained in the Class Net Settlement Fund for distribution to Participating Class Members. Payroll tax withholding and deductions, if any, will not be taken from the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment and instead one or more Forms 1099 will be issued to Class Counsel with respect to those payments. The payment of the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment shall be made to Terrell Marshall Law Group PLLC and Schneider Wallace Cottrell Konecky LLP.

3.   **To the Settlement Administrator.** The Settlement Administrator will pay out of the Gross Settlement Amount to itself its reasonable fees and expenses that are documented and approved by the Court in an amount not to exceed $73,000 ("Settlement Administration Expenses"). To the extent the Settlement Administration Expenses that are documented and approved by the Court are less than $73,000, the remainder will be retained in the Class Net Settlement Fund for distribution to Participating Class Members.

C.   **Payments from the FLSA Net Settlement Fund.** Subject to the terms and conditions of this Agreement, the Settlement Administrator will pay a Settlement Share from the FLSA Net Settlement Fund to each Opt-In Plaintiff. The Settlement Share for each Opt-In Plaintiff will be calculated by (a) dividing the FLSA Net Settlement Fund by the total number of workweeks worked by all FLSA Collective Members during the FLSA Collective Period and (b) multiplying the result by each individual Opt-In Plaintiff's workweeks worked during the FLSA Collective

Period.  The Settlement Administrator will make withholdings from each Opt-In Plaintiff's Share in accordance with Section III.D.3 below.  Any amount allocated to the FLSA Net Settlement Fund and not claimed by the Opt-In Plaintiffs will be redistributed to the Class Net Settlement Fund.

D. **Payments from the Class Net Settlement Fund.**

1. **Settlement Share.**  Subject to the terms and conditions of this Agreement, the Settlement Administrator will pay a Settlement Share from the Class Net Settlement Fund to each Participating Class Member.  The submission of a claim form is not required to be paid.

2. **Calculation**.  The Settlement Share for each Participating Class Member will be calculated by (a) dividing the Class Net Settlement Fund by the total number of workweeks worked by all Participating Class Members during the Class Period and (b) multiplying the result by each individual Participating Class Member's workweeks during the Class Period.

3. **Withholding**.

    a. Subject to approval by the Court, one-third (1/3) of each Settlement Share is in settlement of wage claims (the "Wage Portion"). Accordingly, the Wage Portion is subject to wage withholdings, and shall be reported on IRS Form W-2 and shall be paid for from the Gross Settlement Amount.

    b. Subject to approval by the Court, one-third (1/3) of each Settlement Share is in settlement of claims for interest and one-third (1/3) of each Settlement Share is in settlement of claims for penalties allegedly due to employees (collectively the "Non-Wage Portion"). The Non-Wage Portion shall not be subject to wage withholdings, and shall be reported on IRS Form 1099.

4. **Effect of Non-Participating Class Members.**  Non-Participating Class Members will receive no Settlement Share, and their Request for Exclusion will reduce neither the Gross Settlement Amount nor the Class Net Settlement Fund.  Their respective Settlement Shares will remain a part of the Class Net Settlement Fund for distribution to Participating Class Members on a *pro rata* basis relative to their Settlement Shares.

E. **Appointment of Settlement Administrator.**   After obtaining a quote from mutually acceptable and qualified settlement administrators, the Parties have mutually agreed to ask the Court to appoint Settlement Services, Inc. as the qualified administrator, to serve as the Settlement Administrator, which, as a condition of appointment, will agree to be bound by this Agreement with respect to the performance of its duties and its compensation.  The Settlement Administrator's duties will include preparing, printing, and mailing the Class and Collective Notice Packet to all Class Members; conducting a National Change of Address search to update Class Member addresses before mailing the Class and Collective Notice

76994514.7

Packets; re-mailing Class and Collective Notice Packets that are returned to the Class Member's new address; sending reminders to Class Members; setting up a toll-free telephone number to receive calls from Class Members; receiving and reviewing for validity completed Requests for Exclusion; providing the Parties with weekly status reports about the delivery of Class and Collective Notice Packets and receipt of completed Requests for Exclusion; calculating Settlement Shares; issuing the checks to effectuate the payments due under the Settlement; issuing the tax reports required under this Settlement; and otherwise administering the Settlement pursuant to this Agreement. The Settlement Administrator will have the authority to resolve all disputes concerning the calculation of a Participating Class Member's or Opt-In Plaintiff's Settlement Share, subject to the dollar limitations and calculations set forth in this Agreement. The Settlement Administration Expenses, including the cost of printing and mailing the Class and Collective Notice Packet, will be paid out of the Gross Settlement Amount.

The Settlement Administrator shall obtain an Employer Identification Number for the Settlement and shall use that Employer Identification Number in calculating payroll withholdings for taxes and shall transmit the required employers' and employees' share of the withholdings to the appropriate state and federal tax authorities. The Settlement Administrator shall establish a settlement fund that meets the requirements of a Qualified Settlement Fund ("QSF") under US Treasury Regulation section 468B-1.

F.     **Procedure for Approving Settlement**.

1.     **Motion for Preliminary Approval of Settlement by the Court**.

a.     After Execution of this Settlement Agreement, Plaintiff will file a Preliminary Approval Motion with the Court for an order giving Preliminary Approval of the Settlement, setting a date for the Final Approval Hearing, and approving the Class and Collective Notice (the "Motion for Preliminary Approval"). Any disagreement between the Parties concerning the Class and Collective Notice, the proposed orders, or other documents necessary to implement the Settlement will be referred to the mediator for resolution.

b.     At the hearing on the Motion for Preliminary Approval, the Parties will jointly appear, support the granting of the motion, and submit a mutually agreed upon Order Granting Preliminary Approval of the Settlement.

c.     Should the Court decline to preliminarily approve material aspects of the Settlement (including but not limited to the scope of release to be granted by Participating Class Members and Opt-In Plaintiffs or the binding effect of the Settlement on Participating Class Members or Opt-In Plaintiffs), the Parties shall work together in good faith to address any concerns raised by the Court and propose a revised Settlement for the Court's approval.

9

2. **Notice to Class Members and FLSA Collective Members.** After the Court enters an Order Granting Preliminary Approval of the Settlement, every Class Member will be sent the Class and Collective Notice Packet (which will include the Class and Collective Notice and FLSA Collective Consent Form completed to reflect the Order Granting Preliminary Approval of the Settlement and showing the estimated Settlement Share for Class Members and FLSA Collective Members) as follows:

   a. No later than 21 days after the Court enters an Order Granting Preliminary Approval of the Settlement, Defendants will provide to the Settlement Administrator an electronic database containing each Class Member's Class and Collective Data. If any or all of the Class and Collective Data is unavailable to Defendants, Defendants will so inform Class Counsel and the Parties will make their best efforts to reconstruct or otherwise agree upon the Class and Collective Data prior to when it must be submitted to the Settlement Administrator. This information will otherwise remain confidential and will not be disclosed to anyone, except as required to applicable taxing authorities, in order to carry out the reasonable efforts described in Section III.F.2.c., or pursuant to Defendants' express written authorization or by order of the Court. All Class and Collective Data will be used for settlement notification and settlement administration and shall not be used for any other purpose by Class Counsel.

   b. Using best efforts to mail it as soon as possible, and in no event later than 14 days after receiving the Class and Collective Data, the Settlement Administrator will mail the Class and Collective Notice Packets to all Class Members via first-class regular U.S. Mail using the mailing address information provided by Defendants, unless modified by any updated address information that the Settlement Administrator obtains in the course of administration of the Settlement.

   c. If a Class and Collective Notice Packet is returned because of an incorrect address, the Settlement Administrator will promptly, and not longer than 10 days from receipt of the returned packet, search for a more current address for the Class Member and re-mail the Class and Collective Notice Packet to the Class Member. The Settlement Administrator will use the Class and Collective Data and otherwise work with Defendants to find a more current address. The Settlement Administrator will be responsible for taking reasonable steps, consistent with its agreed-upon job parameters, Court orders, and fee, as agreed to with Class Counsel and according to the following deadlines, to trace the mailing address of any Class Member for whom a Class and Collective Notice Packet is returned by the U.S. Postal Service as undeliverable. These reasonable steps shall include, at a minimum, the tracking of all undelivered mail;

performing address searches for all mail returned without a forwarding address using available email addresses, phone numbers, social security numbers, credit reports, LinkedIn, and Facebook; and promptly re-mailing to Class Members for whom new addresses are found.  If the Class and Collective Notice Packet is re-mailed, the Settlement Administrator will note for its own records and notify Class Counsel and Defendants' Counsel of the date of each such re-mailing as part of a weekly status report provided to the Parties.

d.       As part of its weekly status report, the Settlement Administrator will inform Class Counsel and Defendants' Counsel of the number of Requests for Exclusion it receives (including the number of valid and deficient Requests) and objections received.

e.       Not later than 10 days before the date by which the Plaintiff files the motion for final approval of the Settlement, the Settlement Administrator will provide the Parties for filing with the Court a declaration of due diligence setting forth its compliance with its obligations under this Agreement and detailing the Requests for Exclusion it received (including the numbers of valid and deficient Requests) and objections received.  Prior to the Final Approval Hearing, the Settlement Administrator will supplement its declaration of due diligence if any material changes occur from the date of the filing of its prior declaration.

3.       **Submission of FLSA Collective Consent Forms.**  FLSA Collective Members will have 60 days from the date of mailing of the Class and Collective Notice Packet to submit their FLSA Collective Consent Forms.  If any FLSA Collective Member submits a defective FLSA Collective Consent Form postmarked before the submission deadline, the Settlement Administrator shall send a cure letter to the FLSA Collective Member advising him or her that the consent is defective and must be cured to become valid.  The Settlement Administrator must mail the cure letter within 5 days of receiving a defective FLSA Collective Consent Form, and the FLSA Collective Member shall be given 15 days to cure the defect or submit a revised consent.  An FLSA Collective Member's failure to cure a defective FLSA Collective Consent Form will have no impact on his or her right to receive a Settlement Share as a Participating Class Member.

4.       **Objections to Settlement; Disputes as to Workweeks allocated to Class Members; Requests for Exclusion.**  Participating Class Members may submit objections to the Settlement, including objections to Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment and the Class Representative Service Payment. Participating Class Members may also submit disputes as to workweeks allocated to them and Requests for Exclusion pursuant to the following procedures:

11

a.  **Objections to Settlement.**  The Class and Collective Notice will provide that Participating Class Members who wish to object to the Settlement or any aspect thereof, including Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, or the Class Representative Service Payments, may do so, either in writing or orally at the final approval hearing.  Objections in writing must be submitted to the Settlement Administrator with copies to the Parties' Counsel and postmarked no later than 60 days after the Settlement Administrator mails the Class and Collective Notice Packets.  Objections must set forth the factual and legal grounds for the objection and comply with the instructions in the Class and Collective Notice.  Class Members who make a timely objection shall be entitled, but are not required, to be heard at the final approval hearing (whether individually or through separate counsel) to object to the Settlement or any aspect thereof, including Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, or the Class Representative Service Payments.  A Participating Class Member who does not submit an objection in the manner and by the deadline specified above will be deemed to have waived any objection and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement or any aspect thereof, including Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, or the Class Representative Service Payments, unless otherwise excused by the Court upon a showing of good cause. Class members who have filed a valid Request for Exclusion as provided in Section III.4.c below shall have no ability to comment on or object to the Settlement.

b.  **Disputes as to Workweeks**.  Each Class Member or FLSA Collective Member shall also have 60 days from the date of mailing the Class and Collective Notice Packet in which to dispute the number of workweeks the Class and Collective Notice allocates to them during the Class Period and FLSA Collective Period.  Any dispute as to this allocation shall be resolved by the Settlement Administrator.  Any such dispute shall be in writing and sent to the Settlement Administrator in accordance with the Class and Collective Notice.

c.  **Requests for Exclusion.**  The Class and Collective Notice also will provide that Class Members who wish to exclude themselves from the Settlement must mail to the Settlement Administrator a signed Request for Exclusion. Such written statement must be postmarked not later than 60 days after the Settlement Administrator mails the Class and Collective Notice Packets. To be valid, a Request for Exclusion must be timely mailed, must be received by the Settlement Administrator and must comply with the instructions in the Class and Collective Notice. The written request for exclusion must be signed individually by the Rule 23 Settlement Class

Member.  No opt-out request may be made on behalf of a group. If a question is raised about the authenticity of a signed Request for Exclusion, the Settlement Administrator will have the right to demand additional proof of the Class Member's identity.  Class Members who submit valid Requests for Exclusion will not participate in or be bound by the Settlement and the Judgment. Defendants will remain free to contest any claim brought by the Class Member that would have been barred by this Agreement, and nothing in this Agreement will constitute or be construed as a waiver of any defense Defendants have or could assert against such a claim. Persons who submit a valid Request for Exclusion shall not be permitted to file objections to the Settlement or appear at the Final Approval Hearing to voice any objections to the Settlement.

A Class Member who does not submit a valid Request for Exclusion in the manner provided for in this Section III.4.c. will automatically become a Participating Class Member.  All Participating Class Members will receive a Settlement Share without the need to file claim forms and will be bound by all terms and conditions of the Settlement, including without limitation the release of the Released Class Claims regardless of whether the Participating Class Members have also submitted objections to the Settlement.

d.    **Report.**  Not later than 10 days after the deadline for submission of Requests for Exclusion, the Settlement Administrator will provide the Parties with a complete and accurate list of all Participating Class Members, all Opt-In Plaintiffs and all Non-Participating Class Members.

5.    **Right of Defendants to Reject Settlement.**  If more than five percent (5%) of the Class Members who have not separately settled their Released Class Claims with Defendants timely submit valid Requests for Exclusion, Defendants will have the right, but not the obligation, to void the Settlement and the Parties will have no further obligations under the Settlement, including any obligation by Defendants to pay the Gross Settlement Amount, or any amounts that otherwise would have been owed under this Agreement. The Settlement Administration Expenses incurred as of the date that Defendants exercise the right to void the Settlement will be paid in equal shares by the Parties.  Defendants will notify Class Counsel and the Court whether they are exercising this right to void not later than 7 days after the Settlement Administrator notifies the Parties of the number of valid Requests for Exclusion it has received.

6.    **No Solicitation.**  The Parties and their counsel represent that neither the Parties nor their respective counsel have or will solicit or otherwise encourage directly or indirectly any Class Member to object to the Settlement, appeal from the Judgment, or request exclusion from the Settlement.  If a Class Member submits a Request for Exclusion, Class

Counsel will not solicit, represent, or otherwise encourage that Non-Participating Class Member to participate in separate litigation against Defendants.

7. **Additional Briefing and Final Approval**.

    a.     Plaintiff will file with the Court an unopposed Motion for Final Approval of the Settlement and payment of the Settlement Administrator Expenses. Plaintiff shall request the Court schedule the Final Approval Hearing no earlier than thirty (30) days after the deadline to object.

    b.     Class Counsel will file with the Court their motion for the Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment and Class Representative Service Payment no later than the date the Plaintiff files the Motion for Final Approval, and the application will be scheduled to be heard by the Court at the Final Approval Hearing.

    c.     If the Court does not grant final approval of the Settlement or grants final approval conditioned on any material change to the Settlement (including, but not limited to, the scope of release to be granted by Participating Class Members), then the Parties shall work together in good faith to address any concerns raised by the Court and propose a revised Settlement for the Court's approval. However, an award by the Court of a lesser amount than that sought by Plaintiff and Class Counsel for the Class Representative Service Payment, the Class Counsel Fees Payment, or the Class Counsel Litigation Expenses Payment, will not constitute a material modification to the Settlement within the meaning of this paragraph.

    d.     Upon final approval of the Settlement by the Court and after entry of the Judgment, the Court will have continuing jurisdiction over the Action and the Settlement solely for purposes of (i) enforcing this Agreement, (ii) addressing settlement administration matters, and (iii) addressing such post-Judgment matters as may be appropriate under court rules or applicable law.

8. **Waiver of Right to Appeal.** Provided that the Judgment is consistent with the terms and conditions of this Agreement, Plaintiff and Participating Class Members who did not timely submit an objection to the Settlement, Defendants, and their respective counsel hereby waive any and all rights to appeal from the Judgment, including all rights to any post-judgment proceeding and appellate proceeding, such as, but not limited to, a motion to vacate judgment, a motion for new trial, and any extraordinary writ. The Judgment therefore will become nonappealable at the time it is entered. The waiver of appeal does not include any waiver of the right to oppose any appeal, appellate proceedings or post-judgment proceedings. If an appeal is taken from the Judgment, the time for consummation of the Settlement

(including making payments under the Settlement) will be suspended until such time as the appeal is finally resolved and the Judgment becomes Final.

9. **Vacating, Reversal, or Material Modification of Judgment on Appeal or Review.** If, after a notice of appeal, a petition for review, or a petition for *certiorari*, or any other motion, petition, or application, the reviewing Court vacates, reverses, or modifies the Judgment such that there is a material modification to the Settlement (including, but not limited to, the scope of release to be granted by Participating Class Members or Opt-In Plaintiffs), and that Court's decision is not completely reversed and the Judgment is not fully affirmed on review by a higher Court, then the Parties shall work together in good faith to address any concerns raised by the reviewing Court and propose a revised Settlement for the approval of the Court not later than fourteen days after the reviewing Court's decision vacating, reversing, or materially modifying the Judgment becomes Final. A vacation, reversal, or modification of the Court's award of the Class Representative Service Payment or the Class Counsel Fees Payment or Class Counsel Litigation Expenses Payment will not constitute a vacation, reversal, or material modification of the Judgment within the meaning of this paragraph, provided that Defendants' obligation to make payments under this Settlement will remain limited by the Gross Settlement Amount.

10. **Timing of Provision of Settlement Shares and Other Payments.** Defendants will fund the Gross Settlement Amount by depositing the money with the Settlement Administrator. Defendants shall fund the Gross Settlement Amount and the amount necessary to pay Defendants' share of payroll taxes within 15 business days of the Effective Date. Within 15 days after Defendants fund the Gross Settlement Amount, the Settlement Administrator will pay the Settlement Shares to Participating Class Members and Opt-In Plaintiffs; the Class Representative Service Payment to Plaintiff; the Class Counsel Fees Payment and the Class Counsel Litigation Expenses Payment to Class Counsel; and the Settlement Administration Expenses to the Settlement Administrator.

11. **Uncashed Settlement Share Checks.** Participating Class Members and Opt-In Plaintiffs must cash their Settlement Share checks within 180 days after they are mailed. If a check is returned to the Settlement Administrator within 120 days after the last mailing, the Settlement Administrator will make all reasonable efforts to re-mail it to the affected Participating Class Member and Opt-In Plaintiff at his or her correct address by use of available email addresses, phone numbers, social security numbers, credit reports, LinkedIn and Facebook. If a Settlement Share check is not cashed within 120 days after its last mailing, the Settlement Administrator will also send the affected Participating Class Member or Opt-In Plaintiff a notice informing him or her that unless the check is cashed in the next 60 days, it will expire and become non-negotiable, and offer to replace the check if it was lost or misplaced but not cashed. If the check remains uncashed by the

expiration of the 60 day period after this notice, the funds from such uncashed checks will be distributed in accordance with III.F.12.

12.   **Redistribution and *Cy Pres* Distribution of Uncashed Settlement Share Checks.**  If the uncashed Settlement Share checks equal or exceed $50,000, the Settlement Administrator shall make a second distribution of the uncashed funds on a pro rata basis to the Participating Class Members and Opt-In Plaintiffs who previously cashed their Settlement Share checks. In the event of a redistribution of uncashed check funds to Participating Class Members and Opt-In Plaintiffs who cashed their Settlement Share check, the additional settlement administration costs related to the redistribution will be deducted from the total amount of uncashed checks prior to the redistribution. If a check to a Participating Class Member or Opt-In Plaintiff is returned to the Settlement Administrator as undeliverable during the second distribution, or there are uncashed check funds remaining from the second redistribution, then the amount will revert to *cy pres.*

13.   If the value of the uncashed Settlement Share checks is less than this $50,000 threshold, the undistributed amount will be distributed *cy pres* equally between Pierce County Catholic Community Services and the Legal Foundation of Washington.  The Participating Class Members and Opt-In Plaintiffs will remain bound by the Settlement.

14.   **Final Report by Settlement Administrator to Court.**  Within 10 days after final disbursement of all funds from the Gross Settlement Amount, the Settlement Administrator will serve on the Parties and file with the Court a declaration proving a final report on the disbursements of all funds from the Gross Settlement Amount.

G.   **Release of Claims**.

1.   **Released Class Claims by Participating Class Members.**  As of the Effective Date, Plaintiff and Participating Class Members shall fully and finally release and discharge Defendants and the Released Parties from any and all state or local claims, obligations, demands, rights, actions, causes of action and liabilities, whether known or unknown, that were alleged or that reasonably could have been alleged based on the facts alleged in the Complaint, including claims for unpaid overtime wages, unpaid wages, minimum wage violations, meal period violations, rest period violations, failure to pay wages at termination, restitution, penalties, interest, liquidated damages, double damages, treble damages, exemplary damages, attorneys' fees, costs, disbursements and expenses, including without limitation claims under RCW 19.52.020, RCW 49.12.010, RCW 49.12.020, RCW 49.12.050, RCW 49.12.150, RCW 49.12.170, RCW 49.46.020, RCW 49.46.030, RCW 49.46.090, RCW 49.46.130, RCW 49.48.010, RCW 49.48.030, RCW 49.52.050, RCW 49.52.070, WAC 296-126-023, WAC 296-126-092, WAC 296-128-010, WAC 296-126-040 and claims for violation of the Washington Consumer Protection Act, RCW 19.86.

76994514.7

2. **Release of Claims by Opt-In Plaintiffs.**  As of the Effective Date, Opt-in Plaintiffs shall fully and finally release and discharge Defendants and the Released Parties from all FLSA claims, whether known or unknown, that were alleged or that reasonably could have been alleged based on the facts alleged in the Complaint.

3. **Plaintiff**.  As of the Effective date, in addition to the releases set forth in Sections III.G.1 and III.G.2 above, Plaintiff hereby fully and finally releases Defendants and the other Released Parties from any and all claims, known or unknown, asserted or that might have been asserted, that she has or might have against Defendants and Released Parties ("Plaintiff's Released Claims").  Plaintiff's Released Claims include without limitation breaches of contract, whether written, oral or implied; violations of any public policy; tort claims, including but not limited to intentional infliction of emotional distress and negligent infliction of emotional distress, defamation, misrepresentation, and fraud; retaliation claims; common law claims; any other claims for damages, costs, fees, or other expenses, including attorneys' fees; and any violations of the following statutes, laws, and regulations:  Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Act of 1991; the Americans with Disabilities Act of 1990, as amended; the Age Discrimination in Employment Act of 1967, as amended; the Older Workers Benefit Protection Act; the Family and Medical Leave Act of 1993, as amended; the Fair Labor Standards Act; the Washington Revised Code, the Washington Administrative Code, and any other federal, state, or local civil employment law, statute, regulation, or ordinance capable of being released by Plaintiff, excluding any claims that cannot be released as a matter of law.

4. **Class Counsel**.  As of the date the Judgment becomes Final, and except as otherwise provided by this Agreement and the Judgment, Class Counsel and any counsel associated with Class Counsel waive any claim to costs and attorneys' fees and expenses against Defendants arising from or related to the Action.

H. **No Effect on Other Benefits.**  The Settlement Shares will not result in any additional benefit payments (such as 401(k) or bonus) beyond those provided by this Agreement to Plaintiff or Participating Class Members, and Plaintiff and Participating Class Members will be deemed to have waived all such claims, whether known or unknown by them, as part of their release of claims under this Agreement.

I. **Limitation on Public Statements About Settlement.**  Plaintiff and Class Counsel represent that they have not and will not issue any press, publications, or other media releases about the Settlement (including, but not necessarily limited to advertising or marketing materials or on social media) or have any communication with the press or media or anyone else regarding the Settlement.  This provision shall not prohibit Class Counsel from communicating with Class Members after preliminary approval is granted for the sole purpose of administering the

Settlement.  This provision also does not limit Class Counsel from complying with ethical obligations or from posting court-filed documents on their website for viewing by Class Members.   Plaintiff and Class Counsel agree not to respond to any media inquiries except to refer reporters to the papers filed with the court. Defendants may disclose information regarding the Settlement under their contractual and legal obligations.

J.     **Miscellaneous Terms**.

    1.     **No Admission of Liability or Class Certification for Other Purposes**.

        a.     Defendants and the Released Parties deny that they have engaged in any unlawful activity, have failed to comply with the law in any respect, have any liability to anyone under the claims asserted in the Action, or that but for the Settlement a class or collective should be certified in the Action.  This Agreement is entered into solely for the purpose of compromising highly disputed claims.  Nothing in this Agreement is intended or will be construed as an admission of liability or wrongdoing by Defendants or the Released Parties, or an admission by Plaintiff that any of the claims were non-meritorious or any defense asserted by Defendants was meritorious.   This Settlement and the fact that Plaintiff and Defendants were willing to settle the Action will have no bearing on, and will not be admissible in connection with, any litigation (other than solely in connection with effectuating the Settlement pursuant to this Agreement).

        b.     Whether or not the Judgment becomes Final, neither the Settlement, this Agreement, any document, statement, proceeding or conduct related to the Settlement or the Agreement, nor any reports or accounting of those matters, will be (i) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to Plaintiff or Defendants or any of the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or (ii) disclosed, referred to or offered in evidence against any of the Released Parties, in any further proceeding in the Action, or any other civil, criminal or administrative action or proceeding except for purposes of effectuating the Settlement pursuant to this Agreement.

        c.     This section and all other provisions of this Agreement notwithstanding, any and all provisions of this Agreement may be admitted in evidence and otherwise used in any and all proceedings for the limited purpose of enforcing any or all terms of this Agreement or defending any claims released or barred by this Agreement.

2.      **Integrated Agreement.**  After this Agreement is signed and delivered by all Parties and their counsel, this Agreement and its exhibits will constitute the entire agreement between the Parties relating to the Settlement, and it will then be deemed that no oral representations, warranties, covenants, or inducements have been made to any Party concerning this Agreement or its exhibits other than the representations, warranties, covenants, and inducements expressly stated in this Agreement and its exhibits.

3.      **Attorney Authorization.**  Class Counsel and Defendants' Counsel warrant and represent that they are authorized by Plaintiff and Defendants, respectively, to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement including any amendments to this Agreement.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Agreement, the Parties will seek the assistance of the mediator for resolution.

4.      **No Prior Assignments:** The Parties represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

5.      **No Tax Advice:**  Neither Class Counsel nor Defendants' Counsel intend anything contained in this Settlement to constitute advice regarding taxes or taxability, nor shall anything in this Settlement be relied upon as such within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended) or otherwise.

6.      **Modification of Agreement**.  Except as set forth in III.J.3 above this Agreement, and any and all parts of it, may be amended, modified, changed, or waived only by an express written instrument signed by all Parties or their representatives.

7.      **Agreement Binding on Successors.**  This Agreement will be binding upon, and inure to the benefit of, the successors of each of the Parties.

8.      **Applicable Law.**  All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the laws of the State of Washington.

9.      **Cooperation in Drafting.**  The Parties have cooperated in the drafting and preparation of this Agreement.  This Agreement will not be construed

against any Party on the basis that the Party was the drafter or participated in the drafting.

10. **Fair Settlement.**  The Parties and their respective counsel believe and warrant that this Agreement reflects a fair, reasonable, and adequate settlement of the Action and have arrived at this Agreement through arms-length negotiations, taking into account all relevant factors, current and potential.

11. **Use and Return of Documents and Data.**  All originals, copies, and summaries of documents and data provided to Class Counsel by Defendants in connection with the mediation or other settlement negotiations in this matter may be used only with respect to this Settlement, and no other purpose, and may not be used in any way that violates any existing contractual agreement, statute, or rule.  Within 30 days after the Judgment becomes Final, Class Counsel will return or destroy and confirm in writing to Defendants the destruction of all such documents and data.

12. **Government Actions Affecting Settlement**. If any administrative proceeding or action is commenced by any federal, state or local governmental authority in a *parens patriae* function (and not in its capacity as a Non-Participating Class Member) asserting claims within the scope of the Action, the Plaintiff and Class Counsel shall intervene in that action at the request of Defendants. Plaintiff and Class Counsel shall intervene to fully support Defendants by asserting that the governmental action is within the scope of this Settlement, the Complaint, and the Judgment entered herein. Additionally, in the event any action is commenced by a governmental authority as stated in this paragraph, Defendants shall have the option, in their sole discretion, to immediately suspend the distribution of Settlement Shares to Participating Class Members and Opt-In Plaintiffs of that jurisdiction pending the outcome of the suit brought by the governmental authority.

13. **Headings.**  The descriptive heading of any section or paragraph of this Agreement is inserted for convenience of reference only and does not constitute a part of this Agreement.

14. **Notice.**  All notices, demands or other communications given under this Agreement will be in writing and deemed to have been duly given as of the third business day after mailing by United States mail, addressed as follows:

*To Plaintiff and the Class:*

Beth E. Terrell, WSBA  #26759
Toby J. Marshall, WSBA #32723
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, WA  98103-8869

Telephone:     (206) 816-6603
Fax:            (206) 319-5450
Email:          bterrell@terrellmarshall.com
                tmarshall@terrellmarshall.com

Carolyn H. Cottrell, CA Bar # 166977
Ori Edelstein, CA Bar # 268145
*Pro Hac Vice*
SCHNEIDER WALLACE COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA  94608
Telephone:     (415) 421-7100
Fax:            (415) 421-7105
Email:          ccottrell@schneiderwallace.com
                oedelstein@schneiderwallace.com

William M. Hogg, TX Bar # 24087733
*Pro Hac Vice*
SCHNEIDER WALLACE COTTRELL KONECKY LLP
3700 Buffalo Speedway, Suite 960
Houston, TX  77098
Telephone:     (713) 338-2560
Fax:            (866) 505-8036
Email:          whogg@schneiderwallace.com

*To Defendant:*

Donald L. Samuels, WSBA #56214
POLSINELLI PC
1401 Lawrence Street, Suite 2300
Denver, CO 80202
Telephone:     (303) 572-9300
Facsimile:      (303)572-7883
E-mail:  dsamuels@polsinelli.com

Jessica M. Andrade, WSBA #39297
POLSINELLI
1000 2nd Avenue, Suite 3500
Seattle, WA  98104
Telephone:     (206) 393-5400
Facsimile:      (206) 393-5401
E-mail:  Jessica.andrade@polsinelli.com

15.   **Execution in Counterparts.**  This Agreement may be executed in one or more counterparts by facsimile, electronically or email which for purposes of this Agreement shall be accepted as an original.   All executed counterparts and each of them will be deemed to be one and the same instrument provided that counsel for the Parties will exchange between

themselves signed counterparts. Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

16.     **Stay of Litigation.** The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Agreement.

17.     **Continuing Jurisdiction.** The Court shall retain continuing jurisdiction over this Action and all related matters, including preliminary approval of the Agreement, final approval of the agreement, and any post-judgment issues.

## IV.     EXECUTION BY PARTIES AND COUNSEL

The Parties and their counsel hereby execute this Agreement.

Dated: _____, 2021          Hana Etcheverry

                                _____

Dated: _____, 2021          Franciscan Health System d/b/a CHI Franciscan Health

                                By:_____

Dated: _____, 2021          Franciscan Medical Group

                                By:_____

Dated: _____, 2021          Franciscan Health Ventures

                                By:_____

Dated: _____, 2021          Harrison Medical Center

                                By:_____

Dated: _____, 2021          Harrison Medical Center Foundation

By:_____


Dated: _____, 2021          TERRELL MARSHALL LAW GROUP PLLC


By: _____
                                        Beth E. Terrell
                                     Attorneys for Plaintiff


Dated: _____, 2021          SCHNEIDER WALLACE COTTRELL KONECKY
                                   LLP


By: _____
                                      Carolyn H. Cottrell
                                     Attorneys for Plaintiff


Dated: _____, 2021            POLSINELLI LLP


By: _____
                                      Donald L. Samuels
                                    Attorneys for Defendants

EXHIBIT A

**NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

*Hana Etcheverry v. Franciscan Health System d/b/a CHI Franciscan Health, Franciscan Medical Group, Franciscan Health Ventures, Harrison Medical Center, and Harrison Medical Center Foundation (the "Defendants")*

Case No. 3:19-cv-05261-RJB-MAT

*A court authorized this notice. This is not a solicitation.*
*This is not a lawsuit against you and you are not being sued.*
*However, your legal rights are affected by whether you act or don't act.*

**You may be entitled to money from a class action settlement if you are a current or former hourly, non-exempt employee employed by Defendants in Washington in one or more of the job classifications listed below and subjected to an automated 30-minute meal period deduction at any time from April 9, 2015 to ＿＿＿＿＿ ＿＿, 2021.**

The Court has granted preliminary approval of a proposed settlement ("Settlement") of the above-captioned action ("Class and Collective Action"). Because your rights may be affected by this Settlement, it is important that you read this Notice of Class and Collective Action Settlement ("Notice") carefully.

The purpose of this Notice is to provide a brief description of the claims alleged in the Class and Collective Action, the key terms of the Settlement, and your rights and options with respect to the Settlement.

The Court has not determined that Defendants violated the law. The two sides disagree on whether Plaintiff or Defendants would have prevailed if the case had gone to trial. Defendants deny that they violated any laws or that they have harmed their employees in any way.

Eligibility requirements for receiving payments are described below. Payments will only be issued if the Court grants final approval of the Settlement.

**WHAT INFORMATION IS IN THIS NOTICE**

1. Why have I received this Notice?
2. What is this Class and Collective Action about?
3. What is a Class Action and what is a Collective Action?
4. Am I a Class Member?
5. Am I a FLSA Collective Member?
6. What does the Settlement provide?
7. How much money will I get if I participate in the Settlement?
8. How do I get my Settlement Share?

1

9.   Who are the attorneys representing the Parties?

10. What are my options?

11. How do I opt out or exclude myself from the Class Action Settlement?

12. How do I object to the Settlement?

13. How does this Settlement affect my rights?

14. How will the attorneys for the Class and FLSA Collective be paid?

15. When and where will the Court decide whether to approve the Settlement?

16. How can I get more information about the Settlement?

| 1. | **Why have I received this Notice?** |
|---|---|

Defendants' records indicate that you were employed in one of the positions listed in Section 4 below at some time from April 9, 2015 to ▓▓▓▓▓ ▓▓, 2021, making you a Class Member and potentially a FLSA Collective Member depending upon your dates of employment.

The parties to this Class and Collective action have entered into a Settlement to avoid the cost and risk of further litigation.  Defendants deny all the legal claims in the case.  The Plaintiff and her attorneys think the Settlement is in the best interest of the Class and Collective Members.  The Court has preliminarily approved the Settlement.  The Court must also grant final approval for the Settlement to be valid.  If the Court approves the proposed Settlement, your legal rights may be affected.

| 2. | **What is this Class and Collective Action about?** |
|---|---|

This Class and Collective Action was commenced by Plaintiff Hana Etcheverry on April 9, 2019 in the United States District Court, for the Western District of Washington, Case No. 3:19-cv-05621-RJB-MAT.  Plaintiff brought this lawsuit against Defendants seeking damages, restitution, penalties, interest, costs and attorney's fees and other relief based on the following alleged causes of action: (1) failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207; (2) failure to pay overtime in violation of Revised Code of Washington ("RCW") 49.46.130; (3) failure to provide required meal breaks; (4) failure to provide required rest breaks; (5) failure to pay minimum wages; (6) failure to pay all wages owed at termination; (7) willful refusal to page wages; and (8) violation of the Washington Consumer Protection Act, RCW 19.86. Plaintiff seeks a monetary recovery on behalf of the Class and the FLSA Collective for the alleged violations, along with interest, costs, and fees.

The Court has not made any determination as to whether the claims advanced by Plaintiff have any merit. The Court has not determined whether any laws have been violated, nor has it decided in favor of Plaintiff or Defendants. Defendants expressly deny that they did anything wrong or that they violated the law and further deny any liability whatsoever to Plaintiff or to the Class or FLSA Collective. Both sides agreed to resolve the lawsuit with no decision or admission of who is right or wrong. By agreeing to resolve the lawsuit, all parties avoid the risks and cost of a trial.

2

### 3. What is a Class Action and what is a Collective Action?

The Settlement that you are receiving notice about involves a class action and also a collective action. The following claims in the lawsuit are class action claims: (1) failure to pay overtime in violation of RCW 49.46.130; (2) failure to provide required meal breaks; (3) failure to provide required rest breaks; (4) failure to pay minimum wages; (5) failure to pay all wages owed at termination; (6) willful refusal to page wages; and (7) violation of the Washington Consumer Protection Act, RCW 19.86.  Additional claims involving the federal FLSA for unpaid wages are what is referred to as a "collective action."

A "class action" and a "collective action" have different requirements for how you participate in or exclude yourself from the Settlement.

**If you wish to participate in the Class Action Settlement, you do not have to do anything. You will receive money under the Class Action Settlement by doing nothing.**  If you want to be excluded from, and not bound by, the Class Action Settlement, then you must submit a Request for Exclusion in the manner and timeframe described in this Notice.

**If you also want to participate in the FLSA Collective Action Settlement, then you must opt in by submitting the FLSA Collective Consent Form provided with this Notice, and you must do so within the timeframe described in this Notice.**  Unlike with the Class Action Settlement, if you do not return your FLSA Collective Consent Form, then you will *not* receive money under the FLSA Collective Settlement.

In sum, for the Class Action Settlement, you don't have to do anything to get the money and to be bound by the release of class action claims.  However, for the FLSA Collective Settlement, you must submit the FLSA Collective Consent Form to receive money from the FLSA Net Settlement Fund.  If you don't submit the FLSA Collective Consent Form you will not receive a Settlement Share from the FLSA Net Settlement Fund or be bound by the release of collective action claims.

### 4. Am I a Class Member?

You are a Class Member if you are a current or former hourly, non-exempt employee employed by Defendants in Washington in one or more of the job classifications in the table below and were subjected to an automated 30-minute meal period deduction policy at any time from April 9, 2015 through ██████ ██, 2021 (the "Class Period").

| | | |
|---|---|---|
| Certified Medical Assistant ("CNA") | Medical Assistant | RN-Clinic Oncology |
| CNA-Health Unit Coordinator | Medical Assistant Clinic | RN-Clinic Oncology Cert |
| CNA-Home Health Aide | Medical Assistant Clinic Lead | RN-Clinic Oncology Lead-Cert |

3

| | | |
|---|---|---|
| CNA-HUC-Monitor Tech Combo | Medical Assistant Float II | RN-Clinic Specialty |
| CAN-Transporter | Medical Assistant Lead | RN-Coordinator |
| CAN-Transporter Diag Imaging | Medical Assistant Reg Float | RN-Enterostomal |
| Endoscopy Tech | Medical Assistant-Ortho Cast | RN-Homecare Charge |
| Endoscopy Tech I | Medical Assistant-Ortho Cast Lead | RN-Injector |
| Endoscopy Tech II | Monitor Tech-HLT Unit Coord LD | RN-Lead |
| Endoscopy Tech Lead | Nurse Technician-Student | RN-Navigator |
| Licensed Practical Nurse ("LPN") | Reg Medical Assistant Clinic | RN-Patient Care Coordinator HA |
| LPN-Anesthesia | Registered Medical Assistant | RN-Patient Care Coordinator HART |
| LPN-Anesthesia Tech Cert | Registered Nurse ("RN") | RN-Patient Care Coordinator IP |
| LPN-Care Coordinator | RN-Cardiac Device | RN-Patient Care Coordinator RR |
| LPN-Case Coordinator | RN-Cert | RN-Pre/Post Surgery |
| LPN-C-Clinic | RN-Charge | RN-Residency |
| LPN-Clinic | RN-Charge Cert | RN-Residency Program |
| LPN-Clinic Coordinator | RN-Charge Relief | RN-Resource |
| LPN-Clinic Float II | RN-Charge Relief Cert | RN-Resource Code |
| LPN-Clinic Gastro | RN-Clinic | RN-Resource Periop |
| LPN-Clinic Gastro Preadmit | RN-Clinic Cardio | RN-Resource Periop Cert |
| LPN-Clinic Lead | RN-Clinic Float | RN-SWAT |
| LPN-Clinic Trauma | RN-Clinic Float II | RN-SWAT Cert |
| LPN-Lead | RN-Clinic Gastro | RN-Wound Care Coordinator |
| LPN-Triage | RN-Clinic Gastro Cert | RN-Wound Care Coordinator Cert |
| Medical Assist Clinic Float | RN-Clinic Lead | |

## 5.  Am I a FLSA Collective Member?

4

You are a FLSA Collective Member if you are a current or former hourly, non-exempt employee employed by Defendants in Washington in one or more of the job classifications listed in Section 4 above and were subjected to an automatic time deduction policy and practice at any time from April 9, 2016 through ██████████ ██, 2021 (the "FLSA Collective Period").

## 6. What does the Settlement provide?

The total maximum amount that Defendants will be required to pay under this Settlement is Five Million, Five Hundred Thousand Dollars ($5,500,000.00) ("Gross Settlement Amount"). The following amounts will be deducted from the Gross Settlement Amount if approved by the Court: The FLSA Net Settlement Fund of $████████████, the Class Representative Service Payment of up to $10,000, the Class Counsel Fees Payment up to $1,833,333 (one-third of the Gross Settlement Amount), the Class Counsel Litigation Expenses Payment up to $████████████, and the Settlement Administration Expenses estimated at $████████████. All of these payments are subject to Court approval. The amount remaining after making these deductions from the Gross Settlement Amount will be the Class Net Settlement Fund, estimated to be $████████████.

## 7. How much money will I get if I participate in the Settlement?

Collectively, the payments you will receive from the Class Net Settlement Fund and the FLSA Net Settlement Fund are referred to as your Settlement Share.

If you do not exclude yourself from ("opt out" of) the Class Action Settlement, you will be a "Participating Class Member," and you will receive a payment estimated to be $████████████ from the Class Net Settlement Fund. This payment is based on the number of workweeks you worked as a Class Member. It will be calculated by (a) dividing the Class Net Settlement Fund by the total number of workweeks worked by all Participating Class Members during the Class Period and (b) multiplying the result by each individual Participating Class Member's workweeks during the Class Period.

If you are also an FLSA Collective Member and you complete and timely mail the FLSA Collective Consent Form, you will be an "Opt-In Plaintiff," and you will receive a payment estimated to be $████████████ from the FLSA Net Settlement Fund. The Settlement Share for each Opt-In Plaintiff will be calculated by (a) dividing the FLSA Net Settlement Fund by the total number of workweeks worked by all Opt-In Plaintiffs during the FLSA Collective Period and (b) multiplying the result by each individual Opt-In Plaintiff's workweeks worked during the FLSA Collective Period.

**Disputes as to Workweeks.** If you wish to dispute the workweeks allocated to you, you must submit your dispute in writing to the Settlement Administrator by no later than ██████ ██, 2021. You must include documentation to support your calculations. All disputes about workweek calculations will be resolved by the Settlement Administrator.

**Tax Treatment of Settlement Shares.** Subject to approval by the Court, one-third (1/3) of each Settlement Share is in settlement of wage claims (the "Wage Portion"). The Wage Portion is

subject to wage withholdings and shall be reported on IRS Form W-2.  Subject to approval by the Court, one-third (1/3) of each Settlement Share is in settlement of claims for interest and one-third (1/3) of each Settlement Share is in settlement of claims for penalties allegedly due to employees (collectively the "Non-Wage Portion").  The Non-Wage Portion will not be subject to wage withholdings and will be reported on IRS Form 1099.  Except as provided here, you will be responsible for paying all federal, state and local taxes associated with your Settlement Share.

**Uncashed Settlement Share Checks.**  You must cash Settlement Share checks by no later than _____ ___, 2022.  If your is returned to the Settlement Administrator within 120 days, the Settlement Administrator will make all reasonable efforts to re-mail it you at your correct address.  If your Settlement Share check is not cashed within 120 days, the Settlement Administrator will also send you a notice informing you that unless the check is cashed in the next 60 days, it will expire and become non-negotiable, and offer to replace the check if it was lost or misplaced but not cashed.  If the check remains uncashed by the expiration of the 60 day period after this notice, the funds from such uncashed checks will be redistributed as explained below.

**Redistribution and *Cy Pres* Distribution of Uncashed Settlement Share Checks.**  If the uncashed Settlement Share checks equal or exceed $100,000, the Settlement Administrator shall make a second distribution of the uncashed funds on a pro rata basis to the Participating Class Members and Opt-In Plaintiffs who previously cashed their Settlement Share checks. In the event of such a redistribution, the additional settlement administration costs related to the redistribution will be deducted from the total amount of uncashed checks prior to the redistribution. If a check to a Participating Class Member or Opt-In Plaintiff is returned to the Settlement Administrator as undeliverable during the second distribution, the Settlement Administrator shall promptly attempt to obtain a valid mailing address by performing a skip trace search and, if another address is identified, shall mail the check to the newly identified address.  If none is found, then said check shall revert to the *cy pres* recipient.  If there are uncashed check funds remaining from the redistribution, then the amount will revert to *cy pres.*

If the value of the uncashed Settlement Share checks is less than this $100,000 threshold, the undistributed amount will be distributed *cy pres* equally between Pierce County Catholic Community Services and the Legal Foundation of Washington.  The Participating Class Members and Opt-In Plaintiffs who did not cash their checks will remain bound by the Settlement.

## 8.  How do I get my Settlement Share?

**To receive a payment from the Class Action Settlement, you don't have to do anything.**  If the Court approves the Class Action Settlement, you will automatically become a Participating Class Member and receive a payment from the Class Net Settlement Fund.

The FLSA Collective Action is different than the Class Action.  Federal law requires that you opt in to the FLSA Collective Action to participate and receive a payment.  **If you are a FLSA Collective Member, to receive a payment from the FLSA Net Settlement Fund, you must complete the FLSA Collective Consent Form and mail it to the Settlement Administrator by no later than _____ ___, 2021.**

6

Not all Class Members are FLSA Collective Members.  Because of differences in state and federal law, the Class Period begins on April 9, 2015, while the FLSA Collective Period begins on April 9, 2016, so Class Members who were not employed in covered positions after April 9, 2016 cannot be FLSA Collective Members.

**9.  Who are the attorneys representing the parties?**

| Attorneys for the Plaintiff and the Class/FLSA Collective | Attorneys for Defendants |
|---|---|
| **TERRELL MARSHALL LAW GROUP PLLC**<br>Beth E. Terrell, WSBA  #26759<br>Toby J. Marshall, WSBA #32723<br>936 North 34th Street, Suite 300<br>Seattle, WA  98103-8869<br>Telephone:   (206) 816-6603<br>Fax:          (206) 319-5450<br>Email:<br>        bterrell@terrellmarshall.com<br>        tmarshall@terrellmarshall.com | **POLSINELLI PC**<br>Donald L. Samuels, WSBA #56214<br>1401 Lawrence Street, Suite 2300<br>Denver, CO 80202<br>Telephone:    (303) 572-9300<br>Facsimile:    (303)572-7883<br>E-mail:  dsamuels@polsinelli.com |
| **SCHNEIDER WALLACE COTTRELL KONECKY LLP**<br>Carolyn H. Cottrell, CA Bar # 166977<br>Ori Edelstein, CA Bar # 268145<br>*Pro Hac Vice*<br>2000 Powell Street, Suite 1400<br>Emeryville, CA  94608<br>Telephone:  (415) 421-7100<br>Fax:          (415) 421-7105<br>Email:<br>        ccottrell@schneiderwallace.com<br>        oedelstein@schneiderwallace.com | **POLSINELLI PC**<br>Jessica M. Andrade, WSBA #39297<br>1000 2nd Avenue, Suite 3500<br>Seattle, WA. 98104<br>Telephone:  (206) 393-5400<br>Facsimile:  (206) 393-5401<br>E-mail:  Jessica.andrade@polsinelli.com |
| **SCHNEIDER WALLACE COTTRELL KONECKY LLP**<br>William M. Hogg, TX Bar # 24087733<br>*Pro Hac Vice*<br>3700 Buffalo Speedway, Suite 960<br>Houston, TX  77098<br>Telephone:  (713) 338-2560<br>Fax:          (866) 505-8036 | |

7

| Email:<br>        whogg@schneiderwallace.com | |

The Court has decided that the firms Terrell, Marshall Law Group PLLC and Schneider Wallace Cottrell Konecky LLP are qualified to represent you and all other Class Members and FLSA Collective Members simultaneously in this Settlement.  You do not need to hire your own attorney because Class Counsel is working on your behalf. But, if you want your own attorney, you may hire one at your own cost.

## 10.  What are my options?

The purpose of this Notice is to inform you of the proposed settlement and of your options. Each option has its consequences, which you should understand before making your decision. Your rights regarding each option, and the steps you must take to select each option, are summarized below and explained in more detail in this Notice.

***Important Notice:***   ***Defendants will not retaliate against you in any way for either participating or not participating in this Settlement.***

**DO NOTHING**          **PLEASE PAY CLOSE ATTENTION because doing nothing will have different consequences for you as it relates to the Settlement of the Class Action and the FLSA Collective Action.**  For the Class Action, if you do nothing, you *will* receive money from the Class Net Settlement Fund and *will* be bound by the Release of Class Action Claims.  For the FLSA Collective Action, if you do nothing, you will *not* receive money from the FLSA Net Settlement Fund and will *not* be bound by the Release of FLSA Collective Action Claims.

**OPT OUT**          If you do not want to participate as a member of the Class Action, then you may "opt out"in the manner described in Section 11 below,  "How do I opt out or exclude myself from this settlement," which will remove you from the Class Action.  If the Court grants final approval of the settlement, you will *not* receive a Settlement Share and you will *not* give up the right to sue Defendants and the Released Parties for the Release of Claims by Participating Class Members as defined in Section 13 below.

**OPT IN**          **Participate in the FLSA Collective Net Settlement Fund by Opting In.** If you want to participate in the FLSA Collective Net Settlement Fund and receive a Settlement Share under the FLSA Collective Action Settlement, then you must timely complete and mail the FLSA Collective Consent Form to  the  Settlement Administrator as described in Section 8 above.

**OBJECT**          You may file a legal objection to any aspect of the proposed settlement, including the amount of fees requested by Class Counsel. You can object to the Class Action Settlement or the FLSA Collective Action Settlement. If you want to object to the Class Action Settlement, then you must not opt out of the Class Action Settlement. And if you  want  to  object  to  the  FLSA

8

Collective Action Settlement, then you must opt in by timely submitting a FLSA Collective Consent Form.

The procedures for opting out of the Class Action or objecting to either or both the Class Action Settlement and FLSA Collective Action Settlement are set forth below in Section 11, "How do I opt out or exclude myself from this Settlement?" and Section 12, "How do I object to the Settlement?".

## 11.  How do I opt out or exclude myself from the Class Action Settlement?

If you do not want to take part in the Class Action Settlement, you must individually sign and mail a written Request for Exclusion to the Settlement Administrator at _____. The Request for Exclusion must be postmarked by _____ ___, 2021 and actually received by the Settlement Administrator to be effective.

If you submit a valid Request for Exclusion, you will not receive a Settlement Share, and you will not be bound by the Settlement and the Final judgment entered by the Court. You also will not be permitted to file objections to the Settlement or appear at the Final Approval Hearing to voice any objections to the Settlement. The Court's entry of the Final Judgment, following Final Approval of the Settlement, will be binding on all Class Members who do not request exclusion from the Settlement.

## 12.  How do I object to the Settlement?

If you who wish to object to the Settlement or any aspect of it, including Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, or the Class Representative Service Payments, you may do so, either in writing or orally at the final approval hearing. Objections in writing must be submitted to the Settlement Administrator with copies to the Parties' Counsel and postmarked no later than _____ ___, 2021. Objections must set forth the factual and legal grounds for the objection. If you make a timely objection, you are entitled, but are not required, to be heard regarding your objection at the final approval hearing either by you personally appearing or by your own attorney appearing for you.

If you do not submit a timely objection, you will be deemed to have waived any objection and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement, unless otherwise excused by the Court upon a showing of good cause. If you file a valid Request for Exclusion as provided in Section 11 above, you will have no ability to comment on or object to the Settlement.

## 13. How does the Settlement affect my rights?

If the proposed Settlement is approved by the Court, a Final Judgment will be entered by the Court. All Class Members who do not opt out of the Settlement will be bound by the Court's Final

9

Judgment and will release Defendants and the Released Parties[1] from the Release of Claims by Participating Class Members. The Release of Claims by Participating Class Members provides as follows:

**Release of Claims by Participating Class Members.**  As of the Effective Date, Participating Class Members will fully and finally release and discharge Defendants and the Released Parties from any and all state or local claims, obligations, demands, rights, actions, causes of action and liabilities, whether known or unknown, that were alleged or that reasonably could have been alleged based on the facts alleged in the Complaint, including claims for unpaid overtime wages, unpaid wages, minimum wage violations, meal period violations, rest period violations, failure to pay wages at termination, restitution, penalties, interest, liquidated damages, double damages, treble damages, exemplary damages, attorneys' fees, costs, disbursements and expenses, including without limitation claims under RCW 19.52.020, RCW 49.12.010, RCW 49.12.020, RCW 49.12.050, RCW 49.12.150, RCW 49.12.170, RCW 49.46.020, RCW 49.46.030, RCW 49.46.090, RCW 49.46.130, RCW 49.48.010, RCW 49.48.030, RCW 49.52.050, RCW 49.52.070, WAC 296-126-023, WAC 296-126-092, WAC 296-128-010, WAC 296-126-040 and claims for violation of the Washington Consumer Protection Act, RCW 19.86.

If the proposed Settlement is approved by the Court, a Final Judgment will be entered by the Court.

All FLSA Collective Members who are Opt-In Plaintiffs will be bound by the Court's Final Judgment and will also release Defendants and the Released Parties from the Release of Claims by Opt-In Plaintiffs which is an additional release to the Release of Claims by Participating Class Members discussed above. The Release of Claims by Opt-In Plaintiffs provides as follows:

**Release of Claims by Opt-In Plaintiffs.**  As of the Effective Date, Opt-in Plaintiffs shall fully and finally release and discharge Defendants and the Released Parties from all FLSA claims, whether known or unknown, that were alleged or that reasonably could have been alleged based on the facts alleged in the Complaint.

The Effective Date is the date the Settlement is approved by the  Court and the Final Judgment becomes final as defined in the Settlement Agreement.

## 14.  How will the attorneys for the Class and FLSA Collective be paid?

The attorneys for the Class and FLSA Collective will be paid from the Gross Settlement Fund. Subject to Court approval, Class Counsel shall be paid an amount not to exceed one-third of the Gross Settlement Fund ($1,833,333.33) in fees and up to $_____ in litigation costs. The Plaintiff will also be paid, subject to Court approval, an amount not to exceed $10,000, as an enhancement for the initiation of and prosecution of this case, the risks undertaken for the payment of costs in the event this case had been lost, and a general release of all claims.

## 15. When and where will the Court decide whether to approve the Settlement?

---

[1] "Released Parties" means Defendants, their parents, predecessors, successors, all affiliates, subsidiaries, and their respective officers, directors, agents, employees, and stockholders.

The Court will hold a final approval hearing (also called a fairness hearing) to decide whether to finally approve the Settlement.  The hearing will be on ⬛⬛⬛ ⬛, 2021 in Courtroom ⬛ at the United States District Court for the Western District of Washington, which is located at 700 Stewart Street, Suite 2310, Seattle, WA 98101.  The hearing may be moved to a different date or time without additional notice.

At the hearing, the Court will consider whether the settlement is fair, reasonable and adequate.  If you have filed a timely objection, the Court will consider it, and you may choose to speak at the hearing.  The Court will decide how much to pay (1) the Settlement Administrator for settlement administrations costs, (2) the Plaintiff for her role as the Class Representative, and (3) Class Counsel for attorneys' fees and costs.  After the hearing, the court will decide whether to approve the settlement.  We do not know how long the Court's decision will take.

You do not need to go to the hearing.  Class Counsel and Defendants' lawyers will answer any questions the Court may have.  But you are welcome to come at your own expense.  If you send an objection, you don't have to go to court to talk about it.  As long as you mailed your objection on time, the Court will consider it.  If you have filed a timely objection, you may pay another lawyer at your own expense to attend the hearing and appear on your behalf, but it is not required.

## 16. How do I get more information?

**IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS**, you may contact Class Counsel listed above, or the Settlement Administrator at the telephone number listed below, toll free.  Please refer to the *Etcheverry v. Franciscan Health System* Class and Collective Action Settlement.

This Notice, which has been approved by the Court, is only a summary. A more detailed Settlement Agreement contains the complete terms of the Settlement, and is on file with the Court, where it is available for your review.  For more detailed information, you may refer to the underlying documents and papers on file with the Court at United States District Court Western District of Washington, 700 Stewart Street, Suite 2310, Seattle, WA 98101, from 7:00 a.m. to 5:00 p.m., Monday through Friday, or may ask for a free copy from Class Counsel.

**PLEASE DO NOT TELEPHONE THE COURT FOR INFORMATION ABOUT THIS SETTLEMENT.**

77744119.1

EXHIBIT B

**United States District Court Western District of Washington**

*Hana Etcheverry v. Franciscan Health System d/b/a CHI Franciscan Health, Franciscan Medical Group, Franciscan Health Ventures, Harrison Medical Center, and Harrison Medical Center Foundation (the "Defendants")*

Case No. 3:19-cv-05261-RJB-MAT

**<u>FLSA COLLECTIVE CONSENT FORM</u>**

**<u>CONSENT TO JOIN/OPT-IN TO FAIR LABOR STANDARDS ACT CLAIM</u>**

**You must fill out this FLSA Collective Consent Form and mail it, postmarked by no later than ▉▉▉▉▉▉▉▉, 2021 in order to opt-in to the FLSA Collective and receive a payment from the FLSA Collective Net Settlement Fund.  If you are an FLSA Collective Member and timely complete and submit this form, you will be an Opt-In Plaintiff and will receive a Settlement Share from the FLSA Net Settlement Fund as provided in Section 7 of the Notice of Class and Collective Action Settlement (the "Notice").  If you do not fill out and return this form postmarked by ▉▉▉▉▉▉▉▉, 2021, you will not receive a Settlement Share from the FLSA Collective Net Settlement Fund.**

My signature below confirms that I worked as an hourly, non-exempt employee employed by Defendants in Washington in one or more of the job classifications listed in Section 4 of the Notice and was subjected to an automatic time deduction policy at any time from April 9, 2016 through ▉▉▉▉▉▉▉▉, 2021 (the "FLSA Collective Period").

Print Name: _____

Signature: _____

Date Signed: _____

Note:  If you were not employed by the Defendants in one of the positions listed in Section 4 of the Notice during the FLSA Collective Period, do not fill out or return this form.  You are not an FLSA Collective Member.

## SECTION 1. EMPLOYMENT INFORMATION

Franciscan Health System d/b/a CHI Franciscan Health, Franciscan Medical Group, Franciscan Health Ventures, Harrison Medical Center, and/or Harrison Medical Center Foundation's ("CHI Franciscan") business records show that between April 9, 2016 and ▓▓▓, 2021 ("FLSA CollectiveSettlement Period"), you worked at a CHI Franciscan-affiliated hospital or clinic as a non-exempt patient care provider in the State of Washington. The estimated pay rate for these daily shifts is $ ▓▓▓ per workweek. Based on that estimate and the amount of workweeks you worked during the FLSA Collective Settlement Period, you willreceive an additional Settlement Payment estimated at $▓▓▓,less taxes.

If you disagree with the employment dates listed above and/or your number of daily shifts worked during the FLSA Collective Settlement Period, please indicate below or on a separate piece of paper, (1) what you believe to be the correct dates you worked as a non-exempt patient care provider for CHI Franciscan at a healthcare facility in the State of Washington during the FLSA Collective Settlement Period; and/or (2) the number of workweeks you believe you worked during FLSA Collective Settlement Period. In addition, explain why you believe CHI Franciscan's records are mistaken, and attach all supporting documentation:

## SECTION 2.   FLSA CONSENT TO JOIN / OPT-IN TO THE CASE.

By submitting this claim form, I consent to join the collective in the FLSA portion ofthe *Etcheverry v. Franciscan Health System* action and elect to participate in the settlement and release of the FLSA claims.

## SECTION 3.   RELEASE AND SIGNATURE

I understand that by operation of the Final Approval Order and Judgment, I shall have released Franciscan Health System, d/b/a CHI Franciscan Health, Franciscan Medical Group, Franciscan Health Ventures, Harrison Medical Center, and Harrison Medical Center Foundation, and all its past, present, or future officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, attorneys, consultants, insurers, and reinsurers, and its successors and predecessors in interest, subsidiaries, affiliates, parents, and all company-sponsored employee benefit plans, all of its officers, directors, employees, administrators, fiduciaries, trustees, and agents, and any related entity that employed me during the April 9, 2016, through ▓▓▓, 2021 ("Released Parties") from the Released FLSA claims as defined in the accompanying Notice.