THE HONORABLE ROBERT J. BRYAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HANA ETCHEVERRY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCAN HEALTH SYSTEM D/B/A CHI FRANCISCAN HEALTH, FRANCISCAN MEDICAL GROUP, FRANCISCAN HEALTH VENTURES, HARRISON MEDICAL CENTER, and HARRISON MEDICAL CENTER FOUNDATION.<br><br>Defendants. | Case No.  3:19-cv-05261-RJB-MAT<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE SETTLEMENT**<br><br>**NOTED FOR HEARING: TBD** |

The Motion for Preliminary Approval of Class and Collective Action Settlement filed by Plaintiff Hana Etcheverry came for hearing in the above-captioned court, the Honorable Robert J. Bryan presiding. Defendants do not oppose the motion.

In the Complaint, Plaintiff alleges that Defendants violated Federal and Washington wage and hour laws with respect to a group of approximately 7,000 current and former non-exempt patient care staff who have worked for Franciscan Health System d/b/a CHI Franciscan Health, Franciscan Medical Group, Franciscan Health Ventures, Harrison Medical Center, and Harrison Medical Center Foundation ("Defendants" or "CHI Franciscan"). Throughout the relevant time period, Plaintiff alleges she and other patient care workers were required to remain on-duty during their unpaid, automatically-deducted meal breaks and rest periods in accordance with Defendants'

ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page  1

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

practices, policies, and as a requirement to abide by their patient care-related ethical obligations to their patients. Plaintiff also alleges she and other patient care workers were required to arrive early for their shifts, but were instructed to remain clocked out while they prepared for their day and were required to clock in only within a few minutes of their scheduled start time. Plaintiffs also allege they were required to clock out within a few minutes of their end-of-shift, but were expected to stay late to complete charting and assist other hospital personnel.

After formal discovery, informal discovery, and investigation by Plaintiff's counsel, the Parties entered into voluntary private mediation session overseen by Cliff Freed of the Washington Arbitration & Mediation Service in an attempt to resolve the claims. Following the initial mediation session, and after months of settlement negotiations where Mr. Freed continued to act as mediator, the Parties reached a global settlement that resolves all of the claims in the action as to the Class members. The Parties then extensively negotiated, drafted, and executed a Class and Collective Action Settlement Agreement, that was executed on or around June 9, 2021.

This motion was considered by this Court for the purpose of determining whether the proposed Settlement is within the range of possible approval, if Notices of the Settlement to the Class are appropriate, and whether a formal fairness hearing, also known as a final approval hearing, should be scheduled. Appearing at the hearing was Schneider Wallace Cottrell Konecky LLP and Terrell Marshall Law Group, PLLC for the Plaintiff, Class, and Collective members, and Polsinelli on behalf of Defendants.

Having reviewed the papers and documents presented, having read the statements of counsel, and having considered the matter, the Court HEREBY ORDERS as follows:

1. The Court hereby GRANTS preliminary approval of the terms and conditions contained in the Settlement, attached hereto as **Exhibit 1**. The Court preliminary finds the terms of

ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page  2

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

the Settlement appear to be within the range of possible approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

2. The Court finds on a preliminary basis that: (1) the settlement amount is fair and reasonable as to the Class members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court preliminarily finds the Settlement was entered into in good faith.

3. The Court hereby GRANTS conditional certification of the provisional Class, in accordance with the Settlement, for the purposes of this Settlement only. The Class is defined as: all current and former non-exempt patient care workers, identified by specific job categories identified in the Settlement Agreement at ¶ I.B, employed by Defendants and subjected to an automated 30-minute meal period deduction policy at any time from April 9, 2015 through final judgment.[1] The "FLSA Collective" means all current and former hourly, non-exempt employees employed by Defendants in Washington in one or more of the job descriptions identified in the Settlement Agreement at ¶ I.B and subjected

---

[1] Excluding the time period covered by any previous settlement involving the Class including, but not limited to, a settlement with St. Joseph Medical Center which applied to registered nurses from April 9, 2015 through November 30, 2016.

ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 3

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

to an automatic time deduction policy and practice at any time from April 9, 2016 through final judgment.

4. The Court hereby GRANTS Approval of the terms and conditions contained in the Settlement as to the FLSA Collective. The Court finds the terms of the Settlement are within the range of possible approval, pursuant to the Fair Labor Standards Act and applicable law.

5. The Court finds that: (1) the settlement amount is fair and reasonable to the FLSA Collective Members when balanced against the probable outcome of further litigation relating to certification, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court finds that the Settlement was entered into in good faith.

6. The Court hereby authorizes the retention of Epiq Global/Settlement Services, Inc. as Settlement Administrator for the purpose of the Settlement, with reasonable administration costs estimated not to exceed $72,650.00.

7. The Court hereby conditionally appoints Schneider Wallace Cottrell Konecky LLP and Terrell Marshall Law Group, PLLC as Class Counsel, and the Court hereby conditionally appoints Plaintiff Etcheverry as the Class Representative and as representative for the FLSA Collective.

ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 4

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

8. The Court hereby APPROVES the Notice of Settlement and Opt-In Form attached to the Settlement as **Exhibits A-B**. The Court finds the Notice of Settlement, along with the related notification procedure contemplated by the Settlement, constitute the best notice practicable under the circumstances and are in full compliance with the applicable laws and the requirements of due process. The Court further finds the Notice of Settlement appears to fully and accurately inform the Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement. The Court also finds the Notice of Settlement appears to fully and accurately inform the FLSA Collective Members of all material elements of the proposed Settlement and their right to file a written consent to join the FLSA Collective.

9. The Court hereby authorizes dissemination of the Notice of Settlement and Opt-In Form to the Class Members. Subject to the terms of the Settlement, the Notice of Settlement shall be mailed via first-class mail and email (if email addresses are available), using the most current mailing and email addresses identified within the timeframe specified in the Settlement. The Parties are authorized to make non-substantive changes to the proposed Notice of Settlement that are consistent with the terms of the Settlement and this Order.

10. The Court hereby APPROVES the proposed procedure for Class Members to request exclusion from the Rule 23 component of the Settlement, which is to submit a written statement requesting exclusion to the Settlement Administrator during the time period permitted under the Settlement. Any Class Member who submits a written exclusion shall not be a Member of the Class, shall be barred from participating in the Rule 23 component

ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page  5

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

of the Settlement, and shall receive no benefit from the Rule 23 component of the Settlement.

11. The Court preliminarily APPROVES Plaintiff's request for an award of attorneys' fees in the amount of one-third (1/3) of the Gross Settlement Amount. The Court ORDERS that Plaintiff's counsel shall file a motion for approval of the fee and cost award, and of the service award to the Class Representative, with the appropriate declarations and supporting evidence, to be heard at the same time as the motion for final approval of the Settlement.

12. The Court ORDERS that Plaintiff's counsel shall file a motion for final approval of the Settlement, with the appropriate declarations and supporting evidence, including a declaration setting forth the Class Members' identities who request exclusion from the Settlement, at least 35 days before the Final Approval Hearing.

13. The Court further ORDERS that each Class Member shall be given a full opportunity to object to the Rule 23 component of the proposed Settlement and request for attorneys' fees, and to participate at a Final Approval Hearing, which the Court sets to commence on October 19, 2021, at 9:30 a.m. in this Court. Any member of the Class seeking to object to the proposed Settlement may file such objection in writing with the Court and shall serve such objection on Plaintiff's counsel and CHI Franciscan's counsel.

Accordingly, GOOD CAUSE APPEARING, the Court hereby APPROVES the proposed Notice of Settlement and adopts the following dates and deadlines:

ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 6

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

| | |
|---|---|
| Date of preliminary approval of the Settlement as to Classes and approval of the Settlement as to the Collective | |
| Deadline for CHI Franciscan to provide Settlement Services Inc. with the Class List | Within 21 days after the Court's preliminary approval of the Settlement |
| Deadline for Settlement Services Inc.to mail the Notice of Settlement to Class Members | Within 14 days after Settlement Services Inc. receives the Class List |
| Deadline for Rule 23 Class Members to postmark requests to opt-out or file objections to the Settlement, and Deadline for FLSA Class Members to submit an opt-in consent form | 60 days after Notices of Settlement are mailed |
| Deadline for Settlement Services Inc.to provide all counsel with a report showing (i) the names of Rule 23 Class Members and FLSA Class Members; (ii) the Individual Settlement Payments owed to each Rule 23 Class Member and FLSA Class Member; (iii) the final number of Class Members who have submitted objections or valid letters requesting exclusion from the Settlement; and (iv) the number of undeliverable Notices of Settlement. | Within 10 business days after the opt out/objection deadline |
| Deadline for filing of Final Approval Motion | At least 35 days before Final Approval Hearing |
| Deadline for Settlement Services Inc.to provide the Court and all counsel for the Parties with a statement detailing the Settlement Administration Costs and its administration of the Notice of Settlement process | At least 10 days before Final Approval Hearing |
| Final Approval Hearing | October 19, 2021 at 9:30 a.m. |
| Effective Date | The date by which the Agreement is approved by the Court, and latest of: (i) if no objection to the Settlement is made, or if an objection to the Settlement is made and Judgment is entered but no appeal is filed, the last date on which a notice of appeal |

ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page  7

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

| | |
|---|---|
| | from the Judgment may be filed and none is filed; or (ii) if Judgment has been entered and a timely appeal from the Judgment is filed, the date the Judgment is affirmed and is no longer subject to appeal. |
| Deadline for Defendants to pay the Gross Settlement Amount into the Qualified Settlement Account | Within 15 business days after Effective Date |
| Deadline for Defendants to deposit the amount of Payroll Taxes | Within 15 business days after Effective Date |
| Deadline for Settlement Services Inc.to make payments under the Settlement to Participating Individuals, Class Representative, Plaintiffs' counsel, and itself | Within 45 days after the Effective Date |
| Check-cashing deadline | 180 days after issuance |
| Deadline for Settlement Services Inc.to provide written certification of completion of administration of the Settlement to counsel for all Parties and the Court | As soon as practicable after check-cashing deadline |

14. The Court further ORDERS that, pending further order of this Court, all proceedings in the Action, except those contemplated herein and in the Settlement, are stayed, and all deadlines are vacated.

15. If for any reason the Court does not execute and file a Final Approval Order and Judgment, the proposed Settlement subject to this Order and all evidence and proceedings had in connection with the Settlement shall be null and void.

16. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Class.

ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 8

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100


**IT IS SO ORDERED.**

Dated this 16th day of June, 2021.

_____
ROBERT J. BRYAN
United States District Judge

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT
(No.: 3:19-cv-05261-RJB-MAT)
Page 9

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100